ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

RECEIVED
2006 JUN -1  A 10: 06
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT

| | |
|---|---|
| VENTURIST, INC., | ) |
| Plaintiff | ) |
| v. | ) Case No. 2:06 CV 494-SRW |
| PAT MAUNEY, | ) |
| Defendant. | ) |

## NOTICE AND PETITION OF REMOVAL

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA, AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

COMES NOW Defendant PAT MAUNEY (hereinafter "Mauney"), pursuant to 28 U.S.C. §§ 1441 and 1446(a), and hereby provides notice that she has removed a claim pending in the Circuit Court of Montgomery, Alabama, Case No. CV-06-1161. Defendant states as follows in support of its Notice and Petition of Removal:

1.   On or about April 26, 2006, Plaintiff Venturist, Inc. (hereinafter "Venturist" or "Plaintiff") filed a complaint against Mauney in the Circuit Court of Montgomery, Alabama. Mauney, who is a resident of California, was served with the Complaint by certified mail on April 28, 2006, and did not receive the Complaint until May 2, 2006. (Declaration of P. Mauney ¶ 10.)[1] Attached hereto as Exhibit "2" is a true and correct copy of Plaintiff's Complaint.

2.   Mauney has not filed an Answer to Plaintiff's Complaint because she believes that Alabama lacks personal jurisdiction over her, and intends to timely challenge jurisdiction

---

[1] The Declaration of Pat Mauney is attached hereto as Exhibit "1."

through the appropriate procedural mechanisms. Accordingly, Plaintiff's Complaint is the only state court pleading to date.

3. This action is removable pursuant to 28 U.S.C. § 1332. Specifically, this Court has original diversity jurisdiction based upon the fact that this action is between citizens of two (2) different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

4. Venturist, Inc., was at all relevant times, and currently is a resident of Montgomery, Alabama. Mauney was at all relevant times, and currently is a resident of Sacramento, California. As such, there is complete diversity.

5. Although Plaintiff's complaint is a declaratory relief action and does not specifically seek any monetary amount, the value of the claims asserted exceeds the sum of $75,000, exclusive of interest and costs. In a declaratory relief action, the value of the claims asserted for the amount in controversy requirement, "is the monetary value of the object of the litigation that would flow to the plaintiff" if the declaratory relief requested is granted. The amount in controversy is measured from the plaintiff's perspective. *See Evergreen Forest Products of Georgia, LLC. v. Bank of America, N.A.*, 262 F.Supp.2d 1297, 1308 (N.D. Ala. 2003); *St. Paul Fire & Marine Ins. Co. v. Johnson Homes of Meridian, Inc.*, 2005 WL 2739141 (S.D. Ala. 2005); *Leonard v. Enterprise Rent A Car*, 279 F.3d 967, 975 (11th Cir. 2002). Assuming Plaintiff is successful in this declaratory relief action, it will avoid paying Mauney over $200,000 in unpaid wages, as set forth below:

a. Plaintiff is seeking a declaration that Mauney was properly characterized as an independent contractor while employed with Plaintiff in California. Assuming it is ultimately determined that Mauney was not an independent contractor, Plaintiff will be liable for

overtime Mauney worked during her employment with Plaintiff for which Mauney never received compensation. This claim alone is equal to approximately $105,294. (*See* Declaration of P. Mauney ¶ 4; Exhibit "A" attached to Declaration of P. Mauney.)

      b.     Plaintiff is seeking a declaration that, in the event Mauney was improperly classified as an independent contractor, Mauney was an exempt employee and therefore not entitled to overtime wages. Assuming it is ultimately determined that Mauney was improperly classified as an independent contractor and exempt employee, she is entitled to overtime wages which equals approximately $105,294. (*See* Declaration of P. Mauney ¶ 4.)

      c.     Plaintiff is seeking a declaration that it does not owe any further compensation to Mauney. Assuming, however, Plaintiff is ultimately unsuccessful with this claim, it will be liable to Mauney for over $100,000 in commissions that Mauney earned during her employment with Plaintiff, but was never paid. (*See* Declaration of P. Mauney ¶ 5; Exhibit "A" attached to Declaration of P. Mauney.)

      d.     Plaintiff is also seeking a declaration that Alabama and federal law govern any dispute arising from Mauney's employment with Plaintiff in California. In the likely event that Plaintiff is unsuccessful with this claim based upon California's strong interest in protecting its employees, Plaintiff will also be liable to Mauney for violation of California wage and hour laws, including California Labor Code §§ 226.7 and 512, and California Industrial Wage Orders, § 11, for failing to provide meal periods. *See Application Group, Inc. v. Hunter*, 61 Cal.App.4th 881, 895 (1998). The penalties for the statutory meal period violation equals approximately $5,000. (*See* Declaration of P. Mauney ¶ 7; Exhibit "B" attached to Declaration of P. Mauney.)

      e.     Additionally, in the likely event that California law governs this dispute because all issues arise from Mauney's employment in California, Plaintiff will also be liable to

Mauney for all earned, but unused, vacation time in the amount of approximately $8,797. (*See* Declaration of P. Mauney ¶ 6; Exhibit "A" attached to Declaration of P. Mauney.) Plaintiff attempted to impose a "use it or lose it" policy for Mauney's accrued vacation time, which directly violates California law. *See Henry v. Amrol, Inc.*, 222 Cal.App.3d Supp. 1 (1990); California Labor Code § 227.3.

      6.    Mauney has timely filed her Notice of Removal according to 28 U.S.C. § 1446, within thirty (30) days of delivery of Plaintiff's Complaint.

WHEREFORE, Mauney removes the original action brought by Plaintiff, which is now pending in the Circuit Court of Montgomery, Alabama.

By: *[signature]*

Julie E. Jordan
**MARTENSON, HASBROUCK & SIMON LLP**
AL State Bar No. ASB 2706-U73J
3379 Peachtree Road, N.E.
Suite 400
Atlanta, GA 30326
Telephone: (404) 909-8100
Facsimile: (404) 909-8120

and

Jennifer D. Barrera
**CARLTON DiSANTE & FREUDENBERGER LLP**
CA State Bar No. 219617
8950 Cal Center Drive
Suite 160
Sacramento, California 95826
Telephone: (916) 361-0991
Facsimile: (916) 361-1480
E-Mail: jbarrera@cdflaborlaw.com

**ATTORNEYS FOR DEFENDANT**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| VENTURIST, INC., ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Case No. _____ |
| ) | |
| PAT MAUNEY, ) | |
| ) | |
| Defendant. ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document entitled **NOTICE AND PETITION OF REMOVAL** has been sent via United States Mail addressed as follows:

Emily C. Marks
BALL, BALL, MATTHEWS & NOVAK, P.A.
2000 Interstate Park Drive, Suite 204
P.O. Drawer 2148
Montgomery, AL 36102-2148

This 31st day of May, 2006.

_____
Julie E. Jordan, Esq.