# EXHIBIT 1

```
MARTENSON, HASBROUCK & SIMON LLP
     Julie E. Jordan, AL State Bar No. ASB2706-673J
3379 Peachtree Road, N.E.
Suite 400
Atlanta, GA 30326
Telephone: (404) 909-8100
Facsimile: (404) 909-8120
E-Mail: jjordan@martensonlaw.com

CARLTON DiSANTE & FREUDENBERGER LLP
     Jennifer D. Barrera, CA State Bar No. 219617
8950 Cal Center Drive
Suite 160
Sacramento, California 95826
Telephone: (916) 361-0991
Facsimile: (916) 361-1480
E-Mail: jbarrera@cdflaborlaw.com

Attorneys for Defendant
PAT MAUNEY
```

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF ALABAMA

| VENTURIST, INC.,<br><br>Plaintiff,<br><br>v.<br><br>PAT MAUNEY,<br><br>Defendant. | Case No. _____<br><br>**DECLARATION OF PAT MAUNEY IN SUPPORT OF NOTICE OF REMOVAL TO U.S. DISTRICT COURT, MIDDLE DISTRICT OF ALABAMA** |
|---|---|

1.  I, Pat Mauney, have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath.

2.  I was an employee of Venturist, Inc from June 1, 2000 until March 2006. From June 1, 2000 until December 2002, I was employed with Venturist, Inc. in Montgomery, Alabama. However, from January 2003 until March 2006, I was employed with Venturist, Inc. in Sacramento, California. My duties while employed with Venturist, Inc. in California included, but were not limited to, sales, marketing, and administrative tasks such as scheduling appointments, scheduling seminars, setting up facilities for seminars, and ordering gifts for clients.

3. While employed with Venturist, Inc. in Sacramento, California, Venturist, Inc. labeled me as an independent contractor. I do not believe that I satisfied the requirements of an independent contractor. Specifically, I was expected to and solely did perform work only for Venturist, Inc. The Chief Executive Officer of Venturist, Inc., John Warden, controlled the manner in which I performed my job and the final result of any of the sales I completed or the administrative tasks I performed. Additionally, Venturist, Inc. provided me with the tools to perform my duties, including a lab top computer, cellular phone, office supplies, and travel expenses. My employment with Venturist, Inc. was at-will and could be terminated by me or Venturist, Inc. at any time. Finally, the employment contract that I entered into with Venturist, Inc. in June 2000, labels me as an "employee." I did not sign any other written contract with Venturist, Inc. until December 2005. In the December 2005 contract, I am also labeled as an "employee."

4. The issue of whether I was an "exempt employee" of Venturist, Inc. during my employment with Venturist, Inc. in California never arose because Venturist, Inc. maintained, that I was an independent contractor. I am not aware of any exemption that I satisfied during my employment with Venturist, Inc.

5. Despite the fact that to my knowledge I was neither an independent contractor nor an exempt employee, Venturist, Inc. did not keep track of the hours I worked. I estimate that I worked approximately 55 hours each week. I notified the CEO of Venturist, Inc., John Warden, that I was regularly working overtime. However, I was never compensated for any overtime wages I worked. As set forth in the claim I filed with the Department of Labor Standards Enforcement ("DLSE") in California, Venturist, Inc. owes me approximately $105,294 in unpaid overtime wages. A true and correct copy of the claim I filed with the DLSE in California is attached hereto as Exhibit "B."

6. While employed with Venturist, Inc. from March 2003 until December 2005, I was paid solely on commissions. As set forth more specifically in Exhibit "B," attached hereto, during my employment with Venturist, Inc., I earned, but was not properly paid commissions in the amount of approximately $126,437.10.

///

7. During my employment with Venturist, Inc. I earned vacation in the following manner: Year 2002 – three weeks vacation; Year 2003 – three weeks vacation; Year 2004 – three weeks vacation; Year 2005 – three weeks vacation; Year 2006 – four weeks vacation. In Year 2002, I only used one week of vacation; in Year 2003, I only used two weeks of vacation; in Year 2004, I only used one week of vacation; in Year 2005, I only used eight days of vacation; and, in Year 2006, I did not use any vacation. At the time my employment with Venturist, Inc. ended in March 2006, I was not fully compensated for my accrued, but unused vacation. Accordingly, as set forth in Exhibit "B," attached hereto, Venturist, Inc. owes me $8,797.00 in unpaid vacation time.

8. During my employment with Venturist, Inc. in California, I do not recall ever taking a thirty minute, uninterrupted meal break. Accordingly, as set forth in Exhibit "B," Venturist, Inc. owes me $5,000 in meal break penalties.

9. To date, Venturist, Inc. has not paid me for the commissions, overtime, and accrued vacation that I am owed. As such, I believe I am entitled to waiting time penalties provided under California Labor Code section 203, in the amount of $5,676. This claim is also set forth in Exhibit "B," attached hereto.

10. Based on the above, in the event Venturist, Inc. is successful with its declaratory relief action, it will avoid paying me over $300,000 in unpaid wages and penalties.

11. On May 2, 2006, I went to the post office in Sacramento, California to pick up and sign for the complaint filed by Venturist, Inc., in the Circuit Court of Montgomer, Alabama, that was sent to me by certified mail. A true and correct copy of the complaint filed by Venturist, Inc. that I received on May 2, 2006, is attached to the Notice of Removal to U.S. District Court, Middle District of Alabama.

I declare under the penalty of perjury under the laws of the United States, the State of Alabama, and the state of California that the foregoing is true and correct, and that this declaration was executed on May 31, 2006 in Sacramento, California.

_____
Pat Mauney