# EXHIBIT 2

May 02 06 10:43a   PATRICIA MAUNEY         916 852 7074          p.3
05/02/2006 09:29   191638?  ?6        MUSTAININC                       PAGE 02/07

FILED
CIRCUIT COURT OF
MONTGOMERY COUNTY

IN THE CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA    26 PM 1:42

| | |
|---|---|
| VENTURIST, INC., | * |
| PLAINTIFF, | * |
| VS. | *   CIVIL ACTION NO. CV 06-1161 |
| PAT MAUNEY, | * |
| DEFENDANT. | * |

### COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF

COMES NOW Venturist, Inc. and pursuant to Alabama Code § 6-6-220, et seq., sets forth the following facts in support of this action for Declaratory Judgment and other relief:

#### Parties

1. Plaintiff Venturist, Inc. ("Venturist") is an Alabama corporation with its principal place of business in Montgomery, Alabama.

2. Defendant Pat Mauney is a resident citizen of Gold River, California.

#### Facts and Claim for Relief

3. Pat Mauney was hired by Venturist in 1999 to serve as General Office Assistant. Over time, Ms. Mauney was given more responsibility for customer liaison, including performing some price negotiations and doing follow up calls on people who expressed an interest in Venturist Strategy Consulting.

4. In late 2002, Ms. Mauney and her husband decided to move to California. Ms. Mauney wanted to continue to be a full-time employee of Venturist from California. However, this was not possible because the work Ms. Mauney was doing was administrative and could not be done long distance. Venturist instead offered Ms. Mauney the opportunity to be an

05/02/2006 TUE 09:44 [TX/RX NO 5733] 003

May. 02 06 10:43a    PATRICIA MAUNEY           916 852 7074           p.4
05/02/2006  09:29    191630  '5            MUSTAINING              PAGE 03/07

independent contractor who would focus on Venturist sales and be paid on a straight commission basis that would vary depending upon her participation. In general, Ms. Mauney was paid 10% on leads she generated and 20% on business she found and closed. There was also an agreement between Ms. Mauney and Venturist that Ms. Mauney would bill Venturist at a rate of $50 an hour for any time she spent doing work outside scheduling. Ms. Mauney continued to work independently with no requirement that she check in or report on how she used her time. Ms. Mauney was paid almost entirely on the basis of sales with a small additional amount for other services billed at an hourly rate.

5. Ms. Mauney had no rules governing her work hours. She was not required to check in with anyone at Venturist on a regular basis at any time after she moved to California.

6. In the first two years after Ms. Mauney left Alabama, she made approximately $45,000 a year in commissions. She also received expenses for her phone and computer lines and for travel. However, the commissions system did not work well because Ms. Mauney asked for 20% commission on deals that she did not close and expected to be paid on all Venturist business, including business in which her participation was minimal at best.

7. For the year 2005, Ms. Mauney made approximately $100,000, largely because Venturist continued to pay her even when there was serious doubt about her role. Ms. Mauney began demanding payment of 20% commission even when she had performed no substantive work. Further, Ms. Mauney was not generating any business on her own, which was expected of her.

8. In November 2005, Venturist informed Ms. Mauney that it could not afford to pay her $100,000 a year for the level of business she was generating. Rather than drop Ms. Mauney as an independent contractor on commission, Venturist offered her a salaried position paying

2

05/02/2006 TUE 09:44 [TX/RX NO 5733] @004

May 02 06 10:43a   PATRICIA MAUNEY           916 852 7074                  p.5
05/02/2006  09:29   191639   95         MUSTAININC                     PAGE 04/07

approximately $50,000 a year. Her job assignment was to follow up on sales leads and generate leads if possible, and do occasional scheduling and customer relations duties. Ms. Mauney accepted this position in writing on December 5, 2005.

    9.    The employment agreement executed by Ms. Mauney specifies that "this agreement shall be governed by and interpreted in accordance with the laws of the State of Alabama." The employment agreement also specifies that "any claim or controversy that arises out of or relates to this agreement, or the breach of it, shall be settled by arbitration in accordance with the rules of the American Arbitration Association." The agreement also specifies that "for a period of one year after the end of employment, the Employee shall not control, consult to, or be employed by any business similar to that conducted by the Company on the projects that would be in direct competition with projects owned or under development by the Employer."

    10.    In late February 2006, Ms. Mauney assisted Venturist in closing a very large contract with a big company. In the middle of negotiations, Ms. Mauney asked for commissions on top of her salary for future business amounting to 10% of all business Venturist did regardless of her participation. Ms. Mauney was informed that Venturist could not pay employees for work they did not perform. When Venturist refused to alter the employment agreement, Ms. Mauney quit. Her departure caused some short-term turbulence in Venturist's negotiations.

    11.    After Ms. Mauney quit, she was told that she must return all Venturist files from her laptop. She was told that she could keep the laptop computer, which was Venturist property.

    12.    Venturist sent Ms. Mauney her regular monthly paycheck on March 10, 2006, the normal Venturist payday, for the month of February after her resignation a few days previously. Venturist computed pro rated unused vacation time and pay for the first few days of March. Venturist sent that check as soon as Ms. Mauney sent the files and other materials which were

3

05/02/2006 TUE 09:44 [TX/RX NO 5733]  @005

Venturist's property.

13. Ms. Mauney has threatened, through legal counsel, to file suit against Venturist, Inc. for allegations arising out of her employment relationship with Venturist.

14. Ms. Mauney was an exempt employee, and thus is not entitled to overtime compensation. She is further not entitled to commissions on deals in which she did not play a major role in closing.

15. By the clear and unambiguous provisions of Ms. Mauney's employment agreement, Alabama law governs any interpretation or dispute arising therefrom.

16. Ms. Mauney violated her employment agreement by failing to give 10 days written notice to the company.

17. A judiciable controversy exists between the parties with respect to the employment relationship between Venturist, Inc. and Ms. Mauney, and the law governing the same.

WHEREFORE, Venturist, Inc. requests this Court take jurisdiction of the dispute and declare the rights, duties, liabilities, responsibilities, and entitlements of the parties herein with respect to the employment relationship between Venturist, Inc. and Ms. Mauney and grant Venturist, Inc. the following relief:

   a. Declaring that Alabama and federal law govern any dispute arising out of the employment relationship between Venturist, Inc. and Ms. Mauney, including the employment agreement executed in December 2005.

   b. Declaring that Ms. Mauney was an independent contractor and an exempt employee.

   c. Declaring that Venturist, Inc. owes no further compensation to Ms. Mauney.

4

May. 02 06 10:44a    PATRICIA MAUNEY         916 852 7074        p.7
05/02/2006  09:29   1916381  3         MUSTAININC

    d.    Granting Venturist, Inc. such other further or different relief to which it may be entitled herein.

/s/ Emily C. Marks
EMILY C. MARKS
Attorney for Plaintiff Venturist, Inc.

OF COUNSEL:

BALL, BALL, MATTHEWS & NOVAK, P.A.
2000 Interstate Park Drive, Suite 204
P. O. Drawer 2148
Montgomery, AL 36102-2148
(334) 387-7680

5

05/02/2006 TUE 09:44 [TX/RX NO 5733] @007