**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**

| | |
|---|---|
| VENTURIST, INC., ) | |
| ) | |
| Plaintiff ) | |
| ) | Case No. 2:06cv00494 SRW |
| v. ) | |
| ) | |
| ) | |
| PAT MAUNEY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**
**FOR LACK OF PERSONAL JURISDICTION**

COMES NOW Defendant Pat Mauney (hereinafter "Mauney") and moves this Court, pursuant to FED. R. CIV. P. 12(b)(2), to dismiss Plaintiff's Complaint based on lack of personal jurisdiction and improper venue. In support, Defendant states as follows:

## I.    INTRODUCTION

Plaintiff Venturist, Inc. ("Plainitff") has improperly filed this declaratory relief action in Alabama against Defendant Pat Mauney ("Mauney") who is currently a resident of Sacramento, California, and has been since January 2003. Although the pursuit of this litigation in Alabama may be convenient for Plaintiff, it is unduly burdensome to Mauney who is currently unemployed, financially strained as a result of Plaintiff's failure to pay her wages owed, and most importantly, does not have sufficient and meaningful minimum contacts with Alabama for this Court to exercise personal jurisdiction over her in this matter. As Plaintiff's complaint fully admits, the underlying basis for each of Plaintiff's requests for declaratory relief arises from actions and/or events that took place in California, not Alabama. Accordingly, requiring Mauney to defend this action in Alabama would be unfair, unreasonable, and in violation of the

Fourteenth Amendment. Therefore, pursuant to Federal Rules of Civil Procedure, Rule 12(b), Mauney requests this Court to dismiss Plaintiff's action for lack of personal jurisdiction.

## II.   STATEMENT OF FACTS

In June 2000, Mauney began working for Plaintiff in Montgomery, Alabama. In August 2001, Mauney entered into an employment agreement with Plaintiff to memorialize their employment relationship and the terms of this relationship. Notably, this 2001 agreement did not contain any choice of law provision or choice of forum clause. (Decl. of P. Mauney ¶ 2)[1];(Exhibit "A" attached to Decl. of P. Mauney). In January 2003, Mauney decided to move to Sacramento, California and Plaintiff agreed to continue its employment relationship with Mauney, despite her relocation. (Plaintiff's Complaint ¶ 4). Plaintiff decided, however, to modify Plaintiff's employment relationship and re-label Mauney as an independent contractor instead of an employee, in a stated effort to avoid the application of California law. (Plaintiff's Complaint ¶ 4); (Decl. of P. Mauney ¶ 3). This deliberate reclassification of Mauney was rather odd, given the fact that none of Mauney's employment duties for Plaintiff had significantly changed. She was still performing the same duties in California as she had performed for Plaintiff in Alabama. (Decl. of P. Mauney ¶ 3).

In addition to Plaintiff's improper labeling of Mauney as an independent contractor, it also determined in March 2003 to compensate Mauney solely through commissions. (Plaintiff's Complaint ¶ 4); (Decl. of P. Mauney ¶ 6). This compensation agreement was prepared by Plaintiff's Chief Executive Officer, John Warden, and sent to Mauney via electronic mail. All of the negotiations of this commission agreement were conducted through e-mail, or over the telephone, during which time Mauney was already a resident of California. (Plaintiff's

---

[1] The Declaration of Pat Mauney is attached hereto as Exhibit "1."

Complaint ¶ 4);(Decl. of P. Mauney ¶ 6). Plaintiff failed, however, to comply with this commission agreement. Specifically, despite the fact that Mauney earned a twenty or ten percent commission on several sales deals, Plaintiff completely refused to pay Mauney the entire or partial amount of her commission. (Decl. of P. Mauney ¶ 6). These multiple breaches of the commission agreement by Plaintiff all occurred during the time in which Mauney resided and worked as an employee in California. (Decl. of P. Mauney ¶ 6).

During Mauney's employment with Plaintiff in California she also worked overtime, for which Plaintiff never compensated her. Each week, Mauney worked approximately 55 hours, resulting in 15 hours of weekly overtime. (Decl. of P. Mauney ¶ 5). Mauney notified Plaintiff's CEO that she was working overtime, however, Plaintiff never compensated her for this time. (Decl. of P. Mauney ¶ 5). Plaintiff also failed to maintain time records for Mauney or ensure that Mauney was complying with California wage and hour laws, including the requirement to take a thirty minute uninterrupted meal period at or before five hours of work. (Plaintiff's Complaint ¶ 4); (Decl. of P. Mauney ¶¶ 5-8).

In December 2005, Plaintiff decided to again, modify Mauney's employment relationship. Plaintiff re-labeled Mauney as an employee, instead of an independent contractor, despite the fact that none of Mauney's duties had changed. (Plaintiff's Complaint ¶ 8); (Decl. of P. Mauney ¶ 9). Additionally, Plaintiff decided to change Mauney's compensation plan from commissions to a set salary because it did not want to pay Mauney for the amount of commissions she had earned. (Plaintiff's Complaint ¶ 8); (Decl. of P. Mauney ¶ 9). In order to reflect this change, Plaintiff required Mauney to execute a new employment agreement. This employment agreement was executed by Mauney in California and purportedly governed Mauney's employment relationship with Plaintiff in California from December 2005 until March

3

2006. (Plaintiff's Complaint ¶ 8); (Decl. of P. Mauney ¶ 10). Although this employment agreement contained an Alabama choice of law provision, all of the underlying events of this litigation occurred before this contract was executed. (Plaintiff's Complaint ¶¶ 4-8); (Decl. of P. Mauney ¶¶ 2-8). Accordingly, this contract is inapplicable.

### III. ARGUMENTS

#### A. Pat Mauney Does Not Have Sufficient Contacts With Alabama And Therefore This Court Lacks Personal Jurisdiction.

A district court, or any court for that matter, is powerless to assert any control over a party if it lacks personal jurisdiction. The burden to prove personal jurisdiction exists is on the Plaintiff. *Candy H. v. Redemption Ranch, Inc*. 563 F.Supp. 505, 512 (M.D. Ala. 1983); *Morgan v. North Mississippi Medical Center, Inc*., 403 F.Supp.2d 1115, 1118 (S.D. Ala. 2005). In order to determine whether personal jurisdiction exists, a court must review the long arm statute of the state in which the case was brought. Alabama, as most states, extends jurisdiction to the limits permitted under Due Process. *See Guidry v. United States Tobacco Company, Inc*., 188 F.3d 619, 624 (5th Cir. 1999); *Morgan*, 403 F.Supp.2d at 1118; and *Candy H.,* 563 F.Supp. at 512.

The Due Process Clause under the Fourteenth Amendment protects an individual from being subjected to "binding orders from a forum to which he has established no meaningful 'contacts, ties, or relations.'" *International Shoe Co. v. Washington,* 326 U.S. 310, 319 (1945)*; Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985); *Guidry,* 188 F.3d at 624. The Fourteenth Amendment only allows a court to exercise jurisdiction over an individual when the individual has sufficient minimum contacts with the forum so that maintaining control over the lawsuit will not "'offend traditional notions of fair play and substantial justice.'" *Id.* The Due Process Clause requires that an individual have "fair warning" of where he/she may be sued. *Burger King Corp*., 471 U.S. at 472. In order to determine whether an individual has "fair

4

warning" or sufficient minimum contacts with the forum state, the court must analyze three factors: (1) did the defendant purposefully direct its activities toward the forum state or purposefully avail herself of the privileges and benefits of conducting activities in the state; (2) did the plaintiff's cause of action arise out of or result from the defendant's forum-related contacts; and (3) would the exercise of jurisdiction be reasonable and fair. *Id*. at 625; *Morgan*, 403 F.Supp.2d at 1119; *Candy H*., 563 F.Supp. at 512. In this case, all three factors significantly weigh against exercising personal jurisdiction over Mauney, and therefore Mauney respectfully requests this court to grant her motion to dismiss.

      **1.** **Mauney did not purposefully direct herself towards Alabama or receive any benefits from conducting activities in Alabama.**

The "purposeful availment" factor ensures that a non-resident party will not be haled into court in another state based upon "random," "fortuitous," or "attenuated" contacts with that state. *Burger King Corp.*, 471 U.S. at 475. Jurisdiction is only proper when the party personally directs his/her activities toward that state. *Id*. Here, all of Mauney's acts and/or omissions upon which this litigation is based, occurred in California, not Alabama. As such, she did not purposefully avail herself to Alabama and therefore this Court lacks personal jurisdiction.

Specifically, as Plaintiff's complaint admits, Mauney was at all relevant times to this litigation a California resident and employee. (Plaintiff's Complaint ¶¶ 4-8). Moreover, as Plaintiff's complaint also admits, every underlying dispute and event in this litigation occurred and/or arose during the time in which Mauney was employed by Plaintiff in California. Specifically, when Mauney moved to California, Plaintiff mislabeled her as an independent contractor for the stated purpose of avoiding California law. (Plaintiff's Complaint ¶ 4); (Decl. of P. Mauney ¶ 3). This intentional misclassification continued until December 2005. The commission agreement that governed Mauney's compensation from March 2002 until December

2005, Plaintiff's breach of which is at the very heart of this litigation, was negotiated and executed via electronic mail while Mauney was residing and working in California. (Plaintiff's Complaint ¶ 4);(Decl. of P. Mauney ¶ 6). The overtime hours Mauney worked, but for which she was never compensated, all occurred during her employment with Plaintiff in California. (Decl. of P. Mauney ¶ 5). The duties Mauney performed, which Plaintiff alleges were exempt, also were all primarily performed in California. (Decl. of P. Mauney ¶¶ 2-4).

The only significant tie that Mauney has to Alabama is that in 2000 she entered into an employment relationship with Plaintiff, an Alabama company, and subsequently signed a written employment agreement in 2001 to memorialize this relationship. It is a well-recognized policy, however, that the mere fact that a non-resident enters into a contract with the party in the forum state is insufficient to establish a minimum contact with that state so that exercise of personal jurisdiction is appropriate. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478-479 (1985)(stating that an individual's contract with an out-of-state party alone cannot automatically establish sufficient minimum contacts in the other party's home forum; rather, "prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing-that must be evaluated."); *Kittle Heavy Hauling v. Rubel,* 647 So.2d 743, 744 (Ala. 1994) (stating that an individual's contract with a non-resident does not, standing alone, automatically establish sufficient minimum contacts); *Lyons Manufacturing Co., Inc. v. Gross*, 519 F.Supp. 812 (S.D. Georgia 1989) (holding that breach of employment agreement that was executed in Georgia, but performed in New York, did not establish minimum contacts with Georgia to render personal jurisdiction in Georgia proper); and *Taskey v. Burtis,* 785 So.2d 557, 559 (Fla. 2001) (stating that contract with state resident for repayment of loan did not establish minimum contact with state when no substantial acts under contract occurred within the forum

state).  The performance of Mauney's employment related duties at issue in this litigation and Mauney's compensation under the commission agreement, all occurred in California.  Accordingly, the location where Plaintiff and Mauney initiated their employment relationship is insignificant and insufficient to establish minimum contacts with Alabama.

        **2.**      **Plaintiff's Claims For Declaratory Relief Arose Out Of Events That Occurred In California.**

None of Plaintiff's requests for declaratory relief arose from events in Alabama.  Each request for relief is based upon Mauney's employment in California.  Specifically, Plaintiff's first request seeks a declaration that Mauney was properly classified as an independent contractor and/or an exempt employee.  The only time period in which Plaintiff labeled Mauney as an independent contractor was after she moved to California.  (Plaintiff's Complaint ¶ 4).  Plaintiff's second request seeks a declaration that Plaintiff does not owe any further compensation to Mauney.  This request is directly premised upon the overtime hours Mauney worked and the commissions Mauney earned during her employment with Plaintiff in California.  (Plaintiff's Complaint ¶ 4); (Decl. of P. Mauney ¶¶ 5-8).  Plaintiff's final request seeks a declaration that Alabama and federal law should apply as a result of the contract Mauney entered into with Plaintiff in December 2005 that contained a choice of law provision.  Notably, however, all of the relevant events, including Plaintiff's mislabeling of Mauney as an independent contractor, the unpaid overtime, and unpaid commissions, all occurred and/or arose before December 2005.  (Plaintiff's Complaint ¶¶ 4-8); ( Decl. of P. Mauney ¶¶ 3-8).  As such the December 2005 contract that includes a choice of law provision is inapplicable to this litigation.  Due to the fact that none of the events giving rise to Plaintiff's declaratory relief action arose from any of Mauney's limited contacts in Alabama, personal jurisdiction over Mauney is improper.

7

### 3. Exercise of personal jurisdiction over Mauney would be unfair and unreasonable.

When determining whether exercising personal jurisdiction over a non-resident is fair or reasonable, courts evaluate the following factors: (1) the defendant's burden; (2) the forum state's interest; (3) the plaintiff's interest in convenient and effective relief; (4) the judicial system's interest in efficient resolution of controversies; and (5) the shared interests of the several states in furthering substantive social policies. *Burger King Corp*, 461 U.S. at 477; *Guidry*, 188 F.3d at 630. Again, all of these factors weigh in favor of dismissal of this case for lack of personal jurisdiction.

Since January 2003, Mauney has been a resident of California. She is currently unemployed and therefore lacks the finances necessary to defend this action in Alabama. (Decl. of P. Mauney ¶ 11). Conversely, Plaintiff is a thriving company that is financially strong and more capable of pursuing litigation in California. Requiring Plaintiff to pursue litigation in California would not impose the same significant financial burden as Mauney will suffer if this case continues in Alabama. Second, California has a strong, well-recognized interest in protecting its employees, such as Mauney, from wage and hour violations, as well as other employer abuses.[2] Alabama surely has an interest in protecting its residents as well. However, this interest is substantially diminished when the Alabama resident, such as Plaintiff, commits serious wage and hour violations in another state, causing significant harm to that state's resident.

Next, neither Plaintiff nor the judicial system's interest in convenient, effective, and efficient relief will be satisfied through litigation in Alabama. Mauney has already filed a claim

---

[2] This interest is reflected in the multiple California Labor Code provisions that are more strict and impose more responsibilities on an employer than the federal wage and hour laws. *See* California Labor Code sections 227.3, 510, 512.

with the California Department of Labor Standards Enforcement ("DLSE") based upon the very same events contained in Plaintiff's Complaint. (Exhibit "B" attached to Decl. of P. Mauney). The DLSE has set a settlement conference for that matter on July 12, 2006. (Exhibit "C" attached to Decl. of P. Mauney). This claim could result in a ruling adverse to Plaintiff, which can be enforced in Alabama. As such, continuing to pursue litigation in Alabama, instead of California, could potentially create additional problems in the event Plaintiff obtains a favorable ruling in Alabama, but unfavorable ruling in California. Finally, the social policy of preventing a company from taking advantage of its employee and intentionally evading state law, federal and state payroll taxes, as well as the payment of wages, would be better served in California where the abuses occurred. Mauney has already suffered as a result of Plaintiff's questionable employment practices. She should not have to incur additional expenses in order to defend this action in a foreign state. Accordingly, Alabama's exercise of personal jurisdiction over Mauney would be unfair and unreasonable.

## IV.    CONCLUSION

Plaintiff's entire declaratory relief action is based upon events, acts, and/or omissions that occurred in California or during the time in which Mauney was a California resident and employee. Mauney does not have any significant contacts with Alabama upon which the requests for relief set forth in Plaintiff's complaint are based. As a result of the lack of meaningful contacts Mauney has with Alabama, she respectfully requests this Court to dismiss Plaintiff's complaint for lack of personal jurisdiction.

Respectfully submitted this 6th day of June, 2006.

/s/ Julie E. Jordan
Julie E. Jordan (JOR038)
**MARTENSON, HASBROUCK & SIMON LLP**
AL State Bar No. ASB 2706-U73J

        3379 Peachtree Road, N.E.
        Suite 400
        Atlanta, GA 30326
        Telephone:  (404) 909-8100
        Facsimile:  (404) 909-8120

        --and--

        Jennifer D. Barrera
        **CARLTON DiSANTE & FREUDENBERGER LLP**
        CA State Bar No. 219617
        8950 Cal Center Drive
        Suite 160
        Sacramento, California 95826
        Telephone:  (916) 361-0991
        Facsimile:  (916) 361-1480
        E-Mail:  jbarrera@cdflaborlaw.com

        **ATTORNEYS FOR DEFENDANT**

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA**

| | |
|---|---|
| VENTURIST, INC., ) | |
| ) | |
| Plaintiff ) | |
| ) | Case No. 2:06cv00494 SRW |
| ) | |
| PAT MAUNEY, ) | |
| ) | |
| Defendant. ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document entitled **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** has been served via the Court's ECF system to the following:

Emily C. Marks
BALL, BALL, MATTHEWS & NOVAK, P.A.
2000 Interstate Park Drive, Suite 204
P.O. Drawer 2148
Montgomery, AL 36102-2148

This 6th day of June, 2006.

/s/ Julie E. Jordan
Julie E. Jordan, Esq.