IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

VENTURIST, INC.,            )
                            )
    Plaintiff               )
                            )   Case No. 2:06cv00494 SRW
                            )
                            )
                            )
                            )
PAT MAUNEY,                 )
                            )
    Defendant.              )
                            )

## DEFENDANT PAT MAUNEY'S DECLARATION IN SUPPORT OF HER MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

1. I, Pat Mauney, declare that I am a party to this action, have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath.

2. I began my employment with Venturist, Inc., in June 2000. I signed an employment agreement with Venturist, Inc., in August 2001. From June 2000 until December 2002, I was employed with Venturist, Inc., in Montgomery, Alabama. However, from January 2003 until March 2006, I was employed with Venturist, Inc., in Sacramento, California. My duties while employed with Venturist, Inc. in California included, but were not limited to, sales, marketing, and administrative tasks such as scheduling appointments, scheduling seminars, setting up facilities for seminars, and ordering gifts for clients. A true and correct copy of the employment agreement I entered into with Venturist, Inc. in August 2001, is attached hereto as Exhibit "A."

3. Upon relocating to California, the Chief Financial Officer of Venturist, Inc., stated that he had decided to label me as an independent contractor in order to avoid the application of certain California laws. This was strange to me because none of my duties for

Venturist, Inc. had changed once I moved to California. I was still performing the same duties in California as a I had in Alabama. I do not believe that I satisfied the requirements of an independent contractor. Specifically, I was expected to and solely did perform work only for Venturist, Inc. The CEO of Venturist, Inc., John Warden, controlled the manner in which I performed my job and the final result of any of the sales I completed or the administrative tasks I performed. Additionally, Venturist, Inc. provided me with the tools to perform my duties, including a lab top computer, cellular phone, office supplies, and travel expenses. My employment with Venturist, Inc. was at-will and could be terminated by me or Venturist, Inc. at any time. Finally, the employment contract that I entered into with Venturist, Inc. in August 2001, labels me as an "employee." I did not sign any other written contract with Venturist, Inc. until December 2005. However, in the December 2005 contract, I am also labeled as an "employee."

4. The issue of whether I was an "exempt employee" of Venturist, Inc. during my employment with Venturist, Inc. in California never arose because Venturist, Inc. maintained that I was an independent contractor. I am not aware of any exemption that I satisfied during my employment with Venturist, Inc.

5. Despite the fact that to my knowledge I was neither an independent contractor nor an exempt employee, Venturist, Inc. did not keep track of the hours I worked. I estimate that I worked approximately 55 hours each week, while employed by Venturist, Inc., in California. I notified the CEO of Venturist, Inc., John Warden, that I was regularly working overtime. However, I was never compensated for any overtime wages I worked. As set forth in the claim I filed with the Department of Labor Standards Enforcement ("DLSE") in California, Venturist, Inc. owes me approximately $105,294 in unpaid overtime wages. A true and correct copy of the claim I filed with the DLSE in California is attached hereto as Exhibit "B." The

DLSE has scheduled a settlement conference for my claim on July 12, 2006. A true and correct copy of the Notice of this Settlement Conference is attached hereto as Exhibit "C."

6. While employed with Venturist, Inc. from March 2003 until December 2005, I was paid solely on commissions. Due to the fact that I was residing in California in March 2003, John Warden and I negotiated the terms of the commission agreement via electronic mail and telephone. I never traveled to Alabama in order to negotiate or execute this agreement. All of the sales work I performed under this agreement was done in California. Despite our agreement, there were many occasions on which Venturist, Inc. simply refused to compensate me for either a portion of or the entire commission I earned. As set forth more specifically in Exhibit "B," attached hereto, during my employment with Venturist, Inc., in California, I earned, but was not properly paid commissions in the amount of approximately $126,437.10.

7. During my employment with Venturist, Inc., I earned vacation in the following manner: Year 2002 – three weeks vacation; Year 2003 – three weeks vacation; Year 2004 – three weeks vacation; Year 2005 – three weeks vacation; Year 2006 – four weeks vacation. In Year 2002, I only used one week of vacation; in Year 2003, I only used two weeks of vacation; in Year 2004, I only used one week of vacation; in Year 2005, I only used eight days of vacation; and, in Year 2006, I did not use any vacation. At the time my employment with Venturist, Inc. ended in March 2006, I was not fully compensated for my accrued, but unused vacation. Accordingly, as set forth in Exhibit "B," attached hereto, Venturist, Inc. owes me $8,797.00 in unpaid vacation time.

8. During my employment with Venturist, Inc., in California, I do not recall ever taking a thirty minute, uninterrupted meal break in accordance with California Labor Code

3

228578.1

section 512. Accordingly, as set forth in Exhibit "B," Venturist, Inc. owes me $5,000 in meal break penalties.

9. In December 2005, the CEO of Venturist, Inc. notified me that he was changing my compensation plan because he did not want to pay me for all of the commissions I earned. He basically said that he did not ever intend for me to earn as much as I had through commissions and could not pay me for those commissions. Accordingly, he decided to change my compensation to salary. Venturist, Inc. also re-labeled me as an employee, even though none of my duties for the company changed.

10. Venturist, Inc. required me to sign a new employment agreement in December 2005 to reflect this change in my compensation and my classification from an independent contractor to an employee. This contract contains an Alabama choice of law provision, even though the performance of my duties under this agreement was expected to primarily be performed in California.

11. Once my employment relationship with Venturist, Inc. ended in March 2006, I tried to informally resolve my concerns with the company regarding the unpaid commissions, the unpaid overtime, and the unpaid accrued vacation. Plaintiff ignored my concerns and filed this declaratory relief action against me in Alabama. I am currently unemployed. Defending this action against Venturist, Inc. in Alabama has already, and will continue to create an undue financial strain on me.

I declare under the penalty of perjury under the laws of the United States, the State of Alabama, and the State of California that the foregoing is true and correct, and that this declaration was executed on June 5, 2006 in Sacramento, California.

Pat Mauney

section 512. Accordingly, as set forth in Exhibit "B," Venturist, Inc. owes me $5,000 in meal break penalties.

9. In December 2005, the CEO of Venturist, Inc. notified me that he was changing my compensation plan because he did not want to pay me for all of the commissions I earned. He basically said that he did not ever intend for me to earn as much as I had through commissions and could not pay me for those commissions. Accordingly, he decided to change my compensation to salary. Venturist, Inc. also re-labeled me as an employee, even though none of my duties for the company changed.

10. Venturist, Inc. required me to sign a new employment agreement in December 2005 to reflect this change in my compensation and my classification from an independent contractor to an employee. This contract contains an Alabama choice of law provision, even though the performance of my duties under this agreement was expected to primarily be performed in California.

11. Once my employment relationship with Venturist, Inc. ended in March 2006, I tried to informally resolve my concerns with the company regarding the unpaid commissions, the unpaid overtime, and the unpaid accrued vacation. Plaintiff ignored my concerns and filed this declaratory relief action against me in Alabama. I am currently unemployed. Defending this action against Venturist, Inc. in Alabama has already, and will continue to create an undue financial strain on me.

I declare under the penalty of perjury under the laws of the United States, the State of Alabama, and the State of California that the foregoing is true and correct, and that this declaration was executed on June 5, 2006 in Sacramento, California.

*Pat Mauney*
Pat Mauney