IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| VENTURIST, INC., | * |
| | * |
| PLAINTIFF, | * |
| | * |
| VS. | *   CIVIL ACTION NO. 2:06cv494-SRW |
| | * |
| PAT MAUNEY, | * |
| | * |
| DEFENDANT. | * |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

COMES NOW, the plaintiff, Venturist, Inc., and submits the following Response to Defendant's Motion to Dismiss.

I.   Motion to Dismiss is Untimely

On April 26, 2006, plaintiff, Venturist, Inc. filed a Complaint in the Circuit Court of Montgomery County, Alabama.  The defendant received the Complaint on May 2, 2006.  Under the Alabama Rules of Civil Procedure, the defendant's first responsive pleading was due June 1, 2006.  See Rule 12(a) Alabama Rules of Civil Procedure (mandating that "[a] defendant shall serve an answer within thirty (30) days after the service of the summons and complaint upon the defendant").  In lieu of filing an Answer in the Circuit Court of Montgomery County, Alabama, the defendant filed a Notice of Removal on June 1, 2006, removing the case to the United States District Court for the Middle District of Alabama.  Pursuant to Rule 12(a)(1)(A) of the Federal Rules of Civil Procedure, "a defendant shall serve an answer within 20 days after being served with the summons and complaint."  The defendant did not file her Motion to Dismiss until June 6, 2006.  (Doc. 2).  Accordingly, the defendant's Motion to Dismiss is untimely under both the Alabama Rules of Civil Procedure and the Federal Rules of Civil Procedure and is due to be denied.

II.    Defendant has Sufficient Minimum Contacts with Alabama to Support Jurisdiction

Even if this Court does not find the defendant's motion to be untimely filed, it is due to be denied on the merits.  The defendant submits that this case should be dismissed because this Court lacks personal jurisdiction over her.  However, the defendant has maintained continuous and systematic contact with Alabama such that she has sufficient minimum contacts with the forum, and this court has jurisdiction over her.  The Eleventh Circuit has held that:

> An analysis of whether personal jurisdiction exists requires a two-step inquiry.  First, we determine whether the exercise of jurisdiction is appropriate under the forum state's long arm statute.  Second, we examine whether the exercise of personal jurisdiction over the defendant would violate the due process clause of the Fourteenth Amendment to the United States Constitution, which requires that the defendant have minimum contacts with the forum state and that the exercise of jurisdiction over the defendant does not offend traditional notions of fair play and substantial justice.  Alabama's long arm statute authorizes Alabama Courts to assert jurisdiction to the fullest extent constitutionally permissible.  Thus, …the sole contested issue in our personal jurisdiction analysis is whether Alabama's exercise of jurisdiction over [the defendant] violates due process.

Mutual Service Insurance Co. v. Frit Industries, Inc., 358 F.3d 1312, 1319 (11th Cir. 2004)(internal citations and quotations omitted).

"There are two types of personal jurisdiction:  general and specific[;]  [g]eneral personal jurisdiction arises when a defendant maintains continuous and systematic contacts with the forum state even when the cause of action has no relation to those contacts." The Home Bingo Network, Inc. v. Chayevsky, 2006 WL 1047253 (S.D. Ala.2006).  In order

> to constitute minimum contacts for purposes of specific jurisdiction, the defendant's contact with the applicable forum must satisfy three criteria:  first, the contacts must be related to the plaintiff's cause of action or have given rise to it; second, the contacts must involve some act by which the defendant purposely avails itself of the privilege of conducting activities with the forum; and, third, the contacts must be such that the defendant should reasonably anticipate

being haled into court in the forum.

Alfa Corporation v. Alfagres, S.A., 385 F.Supp.2d 1230, 1235 (M.D. Ala.2005). "Specific jurisdiction is proper, even if a defendant's contacts with the forum state are isolated and sporadic, so long as such activities arise out of or relate to the cause of action." The Home Bingo Network, Inc. v. Chayevsky, supra at 5.

In the case at bar, the defendant is a former resident of Alabama. Venturist, Inc. is a small Montgomery, Alabama company that developed and uses the Prometheus Process, a methodology used to create and execute winning strategies. (Affidavit of Colonel Warden). This is accomplished through the sale of strategy programs, consulting services and accompanying software, and literature. (Affidavit of Colonel Warden). Venturist, Inc., through its president, Colonel John Warden, hired Pat Mauney, then an Alabama resident, in August, 2001 as Director of Key Accounts. (Affidavit of Colonel Warden). Ms. Mauney provided administrative services and performed some sales in the Venturist, Inc. office located in Montgomery, Alabama, its only office. (Affidavit of Colonel Warden).

In 2003, Ms. Mauney informed Colonel Warden that she was moving to California. (Affidavit of Colonel Warden). She expressed a desire to continue to perform work for Venturist even though she was moving from Alabama to California. (Affidavit of Colonel Warden). A significant portion of the services that Ms. Mauney performed for Venturist up until that time had been administrative office tasks such as making copies and shipping books; this kind of work could not be performed outside the office. (Affidavit of Colonel Warden). Therefore, in order for Ms. Mauney to perform work for Venturist in California, the terms and conditions of her association with Venturist were materially changed. (Affidavit of Colonel Warden). In an effort to work with Ms. Mauney, Colonel Warden agreed to allow her to take on the title of

Director of Marketing and perform sales of the company's consulting services on a commission only basis. (Affidavit of Colonel Warden). Further, to the extent that Ms. Mauney performed any administrative services, such as compiling client Christmas lists, etc., she billed the company at an hourly rate for such services. (Affidavit of Colonel Warden).

After Pat Mauney moved to California, she maintained continuous and systematic contact with the Venturist, Inc. office in Montgomery, Alabama through email, telephone, and fax. (Affidavit of Colonel Warden). Ms. Mauney was in contact with the Venturist, Inc. office on an average weekly basis. (Affidavit of Colonel Warden). In addition to maintaining regular contact with the company, Ms. Mauney traveled to Alabama normally twice or more a year for 7-10 days at a time for a Prometheus Academy which the company puts on in Montgomery, Alabama or for other customer-related events. (Affidavit of Colonel Warden). Additionally, Ms. Mauney conducted sales calls, through continuous electronic and wire communications, on Alabama residents and companies, for Venturist, Inc. while she lived in California. (Affidavit of Colonel Warden). Her contacts with Alabama residents were regular, continuous and systematic. (Affidavit of Colonel Warden).

General jurisdiction exists because the defendant's contacts with the forum were continuous and systematic. However, even if this court finds general jurisdiction to be lacking, specific jurisdiction exists because the defendant's contacts with the forum arise out of her relationship with Venturist, Inc., a relationship which is the very heart of the current litigation.

The plaintiff has thus established that the defendant "purposely directed activities at Alabama residents." See Home Bingo Network, Inc. v. Chayevsky, supra. at 8. The defendant additionally "engaged in numerous electronic and wire communications with persons in Alabama" relating to services she performed for Venturist, Inc. See Home Bingo Network, Inc. v. Chayevsky,

supra. Accordingly, the defendant had sufficient contacts with Alabama to subject her to personal jurisdiction here.

### III.     Jurisdiction Comports with Fairness and Substantial Justice

Sufficient minimum contacts exist to justify the exercise of personal jurisdiction over the defendant, and the exertion of jurisdiction over the defendant "comports with notions of fair play and substantial justice." Mutual Service Insurance Co. v. Frit Industries, Inc., supra at 1320. This Court has held that:

> [i]n evaluating whether the exercise of jurisdiction comports with fair play and substantial justice, the Court must consider such factors as (1) the burden on the defendant, (2) the forum state's interest in adjudicating the dispute, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental substantive social policies.

Alfa Corporation v. Alfagres, S.A., supra, at 1237. The defendant alleges that defending this lawsuit in Alabama will be burdensome. Although she complains that her employment with Venturist, Inc. "ended" in March, 2006, the defendant fails to note that she is currently unemployed because she quit her job with Venturist, Inc. Further, although the defendant claims that she "has already filed a claim with the California Department of Labor Standards Enforcement ("DLDE") based upon the very same events contained in Plaintiff's Complaint" (Doc. 3-1, pp. 8-9), she fails to specify that this claim was not filed until after the plaintiff had already filed the current lawsuit in Alabama. Indeed, a great majority of the facts presented by the defendant in support of her Motion to Dismiss for Lack of Personal Jurisdiction are hotly disputed and go to the underlying merits of the litigation. The defendant's facts are largely irrelevant as to the issue of personal jurisdiction currently before the court. When the irrelevant facts presented are culled out, an examination of the facts and argument presented by the defendant in her Motion to Dismiss reveal a paucity of

evidence in support of her claim that jurisdiction is lacking.

Though there may be some burden on the defendant "to defend the lawsuit in Alabama, any burden is slight and not sufficient to defeat jurisdiction in this case." Mutual Services Insurance Co. v. Frit Industries, Inc., supra at 1320. Ms. Mauney asked for the opportunity, and freely agreed, to perform services for Venturist, Inc., an Alabama company, even after she moved to California. She acknowledges contact with the forum when she "negotiated the terms of the commission agreement via electronic mail and telephone." (Doc. 3 Mauney Declaration p. 3, para. 6). She was in contact with the Venturist office in Montgomery, Alabama on an average weekly basis. (Affidavit of Colonel Warden). The defendant traveled to Alabama normally twice or more a year to perform work for Venturist, Inc. (Affidavit of Colonel Warden). Indeed, "modern methods of transportation and communication have lessened the burden of defending a suit in a foreign jurisdiction." Id. Accordingly, it is reasonable for the defendant to defend the lawsuit in Alabama.

Significantly, "where sufficient minimum contacts exist, it is a rare case in which the exercise of personal jurisdiction is rejected as unreasonable or unfair." Home Bingo Network, Inc. v. Chayevsky, supra at 6. Furthermore, Alabama has a strong interest in the litigation because it involves an Alabama corporation and a former Alabama resident who engaged in systematic and regular contact with the forum, and maintained contact with Alabama residents who were employees, clients or potential clients of Venturist, Inc. Further, the defendant was or should have been aware of the potential for being haled in the Court in Alabama for issues relating to her relationship with Venturist, Inc. Additionally, "the Court's interest in the efficient resolution of this dispute as well as [the plaintiff's] interest in obtaining convenient and effective relief both weigh in favor of the Court's exercise of jurisdiction over [the defendant]." Alfa Corporation v. Alfagres, S.A., supra at 1237-1238.

Based upon the foregoing, the plaintiff has established that the defendant has minimum contacts with Alabama and has satisfied the reasonableness/fairness prong of the personal jurisdiction analysis. Accordingly, the defendant's Motion to Dismiss for lack of personal jurisdiction is due to be denied.

                                        /s/ Emily C. Marks
                                        EMILY C. MARKS
                                        Attorney for Plaintiff Venturist, Inc.

OF COUNSEL:

BALL, BALL, MATTHEWS & NOVAK, P.A.
2000 Interstate Park Drive, Suite 204
P. O. Drawer 2148
Montgomery, AL 36102-2148
(334) 387-7680

## **CERTIFICATE OF SERVICE**

      I hereby certify that on June 28, 2006, I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system which will send notification of such filing to the following registered:

Julie Jordan  
Martenson Hasbrouk & Simon  
3379 Peachtree Rd., NE, Ste. 400  
Atlanta, GA 30326

Jennifer Barrera  
Carlton, DiSante & Freudenberger  
8950 Cal Center Dr., Ste. 160  
Sacramento, CA 95826

                                        /s/    Emily C. Marks  
                                        OF COUNSEL