IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| VENTURIST, INC., | * | |
| | * | |
| PLAINTIFF, | * | |
| | * | |
| VS. | * | CIVIL ACTION NO. 2:06cv494-SRW |
| | * | |
| PAT MAUNEY, | * | |
| | * | |
| DEFENDANT. | * | |

**PLAINTIFF'S MOTION TO REMAND**

COMES NOW, the plaintiff, Venturist, Inc., and submits the following Motion to Remand. The plaintiff would show as follows:

The plaintiff, Venturist, Inc. filed the current lawsuit in the Circuit Court of Montgomery County, Alabama on April 26, 2006. In its Complaint, the plaintiff seeks declaratory judgment and other relief. The plaintiff seeks construction of a contractual relationship with the defendant and does not ask for any specified monetary damages.

On or about June 1, 2006, the defendant filed a Notice of Removal, removing the case from the Circuit Court of Montgomery County, Alabama to the United States District Court for the Middle District of Alabama. The defendant's Removal Petition is based upon diversity jurisdiction. While the plaintiff concedes that complete diversity exists, the amount in controversy does not exceed the jurisdictional amount of $75,000. Accordingly, this case should be remanded to the Circuit Court of Montgomery County, Alabama.

Jurisdiction must be assessed at the time of removal. See Dimension D, LLC v. True, 2006 WL 1061952 (M.D. Ala. 2006). In the case at bar, at the time of removal, the plaintiff was asking the Court for a construction of a contractual relationship and did not request any monetary damages.

The Court must look at the plaintiff's Complaint to determine whether the amount in controversy exceeds $75,000.  See Burns v. Windsor Insurance Co., 31 F.3d 1092, 1095 (11th Cir.1994).  On the face of the plaintiff's Complaint, the amount in controversy does not exceed the jurisdictional amount.  This Court has held that "under the circumstances, defendants may avoid remand only if they have proved to a legal certainty that the amount in controversy actually exceeds the jurisdictional minimum.  Defendant's burden is heavy."  Dimension D, LLC v. True, 2006 WL 1061952 (M.D. Ala.2006).  Indeed, "in determining whether removal was proper, the Court assesses its jurisdiction as of the time of removal."  Id.

> The law is clear that:
>
>> [f]ederal courts are courts of limited jurisdiction.  In order to invoke a federal court's diversity jurisdiction, a plaintiff must claim, among other things, that the amount in controversy exceeds $75,000.  When a plaintiff seeks injunctive or declaratory relief, the amount in controversy is the monetary value of the object of the litigation **from the plaintiff's perspective**.  A plaintiff satisfies the amount in controversy requirement by claiming a sufficient sum in good faith. …[T]he party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is based in jurisdiction meets the jurisdictional minimum.

Federated Mutual Insurance Co. v. McKinnon Motors, LLC, 329 F.3d 805, 807 (11th Cir.2003)(internal citations and quotations omitted)(affirming dismissal of a declaratory judgment action filed in federal court where the plaintiff did not meet the amount in controversy required for diversity jurisdiction)(emphasis added).

"While a defendant does have a right, given by statute to remove in certain situations, plaintiff is still the master of his own claim."  Burns v. Windsor Insurance Co., 31 F.3d at 1095.  Indeed,

> Defendant's right to remove and plaintiff's right to choose his [or her] forum are not on equal footing; for example, unlike the rules applied when plaintiff has filed suit in federal court with a claim that,

> on its face, satisfies the jurisdictional amount, removal statutes are construed narrowly; **where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand**.
>
> …Because removal is only permissible when plaintiff's claim could have been filed in federal court originally, [courts] must look to plaintiff's claim to determine whether removal was appropriate. [Where no jurisdiction exists on the face of the plaintiff's claim], …the critical question is to what extent must defendant prove jurisdiction exists despite plaintiff's express claim to less than the minimum jurisdictional sum?  [Courts] believe the defendant's burden of proof must be a heavy one.

Id.(emphasis added).  As this district court has held,

> [b]ecause removal jurisdiction raises significant federalism concerns, the removal statutes must be strictly construed, and all doubts must be resolved in favor of remand to state court.  Further, it is well settled that the defendant, as the party removing this action to federal court, has the burden of establishing federal jurisdiction.

Conference AM, Inc. v. QED International, Inc., 50 F.Supp.2d 1239, 1241 (M.D. Ala.1999)(internal citations omitted).

The defendant claims that the amount in controversy exceeds $75,000 and submits as evidence allegations that she apparently seeks to bring at some later date.  However, this Court has noted that "the majority of courts in other circuits have held that the amount in controversy for removal purposes is to be determined solely by referring to the plaintiff's complaint and without regard to any subsequently filed counterclaims."  Conference AM, Inc. v. QED International, Inc., supra at 1242.  Accordingly, this Court found that "a counterclaim should not be considered when determining whether the amount in controversy requirement of §1332 is satisfied in the context of removal."  Id. at 1241.  In so holding, this Court stated, "it is the opinion of this Court that to permit consideration of counterclaims when determining the amount in controversy for removal jurisdiction would expand federal jurisdiction, contrary to the Supreme Court's interpretation of the legislative history in language of the statute's governing removal."  Id. at 1242.  This Court noted

3

that "the Eleventh Circuit has stated that it is unwilling, without congressional guidance, to construe the removal statute in such a way that it would expand federal court jurisdiction." Id.

To date, the defendant has not brought any claims against the plaintiff in this litigation. In fact, the defendant filed a motion to dismiss the action, which remains pending before the court. (Doc. 2). The plaintiff does not seek damages in excess of $75,000. (Affidavit of Colonel Warden). Further, the plaintiff does not believe any of the defendant's purported damages exceed $75,000. (Affidavit of Colonel Warden). The plaintiff filed its complaint in the good faith belief that the amount in controversy in this case does not exceed $75,000. (Affidavit of Colonel Warden). However, by removing this case to federal court, the defendant seeks to expand federal jurisdiction by claiming that, in her opinion, the amount in controversy exceeds the jurisdictional limits. To allow a defendant to establish federal jurisdiction by unilaterally claiming that she is owed damages in excess of the jurisdictional threshold would allow defendants to expand federal jurisdiction beyond that which was intended. This expansion should not be permitted. Otherwise, defendants who seek to remove a case to federal court could simply establish federal jurisdiction by asserting they are owed damages in excess of $75,000. The current defendant points to no authority for such an expansion of federal jurisdiction.

The plaintiff seeks a declaration of the proper construction of the contractual relationship between the plaintiff and defendant. Further, the plaintiff asserts that the amount in controversy does not exceed $75,000. The defendant fails to meet her heavy burden of establishing federal jurisdiction, and this case is due to be remanded.

WHEREFORE, THE FOREGOING PREMISES CONSIDERED, the plaintiff respectfully requests this Honorable Court remand this case to the Circuit Court of Montgomery County, Alabama.

/s/      Emily C. Marks
EMILY C. MARKS
Attorney for Plaintiff Venturist, Inc.

OF COUNSEL:

BALL, BALL, MATTHEWS & NOVAK, P.A.
2000 Interstate Park Drive, Suite 204
P. O. Drawer 2148
Montgomery, AL  36102-2148
(334) 387-7680

## CERTIFICATE OF SERVICE

      I hereby certify that on June 28, 2006, I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system which will send notification of such filing to the following registered:

Julie Jordan
Martenson Hasbrouk & Simon
3379 Peachtree Rd., NE, Ste. 400
Atlanta, GA 30326

Jennifer Barrera
Carlton, DiSante & Freudenberger
8950 Cal Center Dr., Ste. 160
Sacramento, CA 95826

                                                /s/     Emily C. Marks
                                                OF COUNSEL