**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| VENTURIST, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2:06CV00494SRW |
| | ) | |
| | ) | |
| | ) | |
| PAT MAUNEY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PROPOSED STIPULATED PROTECTIVE ORDER**

The parties PLAINTIFF VENTURIST, INC. AND DEFENDANT PAT MAUNEY, by and through their respective counsel, hereby stipulate and agree to the following protective order:

1.      **Application:** This Protective Order ("Order") shall apply to all litigation material, documents, or other information, designated as "Confidential" by the party producing or presenting it during the course of this action.  "Confidential" litigation material, information, or documents may include, but are not limited to, information copied and saved from the laptop computer Venturist, Inc. provided Pat Mauney, information disclosed informally or formally during discovery, at hearings or trial, or contained in any pleadings, declaration, affidavit, brief, motion, transcript or other writing.  Documents, materials, or other information designated as "Confidential" shall be used solely for the purpose of this litigation and shall not be disclosed in any manner, or used for any other purpose, without further order of the Court.  However:

(a)     Nothing herein shall prevent a party from disclosing or using any information, materials, or documents which the party designated itself and which are Confidential only to that party itself;

(b)     Acceptance of information designated Confidential pursuant to this Order shall not constitute an admission or acknowledgement that any material, information, or

documents designated as Confidential is in fact proprietary, confidential, or a trade secret; and,

    (c) Nothing herein shall bar counsel from rendering advice to its client with respect to this action.

    2. **Definitions:** The following definitions apply for the purposes of this Order:

    (a) "Custodial Party" is the party on whose behalf or benefit material, information, or documents are designated as "Confidential."

    (b) ""Counsel" is the counsel of record of any party who has appeared in this action.

    (c) "Confidential" or "Confidential Documents" are any documents, material, or information, or any portion thereof, which purportedly constitutes a party's trade secret information, proprietary information, financial, commercial, marketing, business, or other personal, non-public information.

    3. **Use of Confidential Documents :** "Confidential Documents" or any copies thereof, and the information contained therein, shall not be given, shown, made available, or communicated in any way to anyone except:

    (a) The Court (including clerks and court personnel) where this action is pending, or to which this action may be transferred, or any administrative body, including the California Department of Labor Standards Enforcement;

    (b) Parties who have made a general appearance in this action and their Counsel, including the legal associates and clerical or other support staff who are employed by such Counsel and are working under the express direction of such Counsel;

    (c) Consultants and experts retained in connection with the action;

    (d) Court reporters or videographers who record deposition or other testimony in this litigation;

    (e) Any person who is indicated on the face of a document to have been an author, addressee, or copy recipient thereof; and

    (f) Any witnesses;

(g) Any other person to whom the parties agree in writing.

4. **Non-Party Recipients:** Counsel shall notify any person who is not a party, but who is otherwise permitted to view any Confidential Documents, except for the Court and its personnel, that he/she is bound by the terms of this Order.

5. **Requirement of Good Faith:** The Custodial Party may not designate information, materials, or any document as "Confidential" unless that party has a reasonable basis for believing that the information, materials and/or document is "Confidential" as defined by this Order.

6. **Documentary Discovery:** A Custodial Party or that party's counsel may designate any documents or other tangible information, including discovery responses, as "Confidential."

7. **Depositions:** A Custodial Party or that party's counsel may designate depositions or other testimony as "Confidential" by sending counsel for all parties written notice within 10 days of receipt of the transcript that designates by page and line, the portions of the transcript of the deposition or other testimony to be treated as "Confidential."

8. **Maintenance of Confidential Information:** The recipient of any "Confidential Documents" shall exercise reasonable care with respect to its storage and use. Similarly, the information copied and saved from the laptop Venturist, Inc. provided Pat Mauney, shall be preserved until the completion of this litigation, and handled with reasonable care.

9. **Court Procedures:** If any "Confidential Documents" or quotations from or references to such information or documents are included, filed, or otherwise disclosed to the Court, any party may file a motion with the Court to keep such papers under seal.

10. **Objection to Designation:** A party may object to any designation of a document, material, or information under this Order as "Confidential." If any party objects to the designation of a document, materials, or information as "Confidential" the party must submit a written objection to the Custodial Party. Thereafter, the parties hereby agree to meet and

confer in good faith by telephone to try to resolve the dispute. If the parties are unable to reach a resolution, any party may then move the Court for an order resolving the dispute. The Custodial Party shall bear the burden of justifying the designation of the information or document as "Confidential."

11. **Modification of Order**: The parties may modify the provisions of this Order at any time by written stipulation, submitted, and so ordered by the Court. Moreover, by this Order, the parties do not waive any right to object to any discovery request, or to the admission of evidence on any ground, or to seek any further protective order, or to seek relief from the Court from any provision of this Stipulation.

12. **Return of Materials:** Within thirty (30) days of the conclusion of any litigation between Venturist, Inc. and Pat Mauney, including any appeal(s) from a final judgment, all litigation material designated as "Confidential," and all copies or notes thereof, except for work product, any attorney-client communications, court filings, transcripts and exhibits, shall be returned to Counsel of the Custodial Party. In the alternative, Counsel may shred or otherwise destroy all litigation material designated as "Confidential" except for work product, any attorney-client communications, court filings, or transcripts and exhibits, and shall notify Counsel of the Custodial Party that such material has been destroyed.

13. **Injunctive Relief:** In the event anyone violates or threatens to violate this Order, the parties agree that the Custodial Party may immediately apply to the Court to obtain injunctive relief against the person or entity.

14. **Survival of Protection:** The termination of proceedings in this action shall not relieve any person to whom "Confidential Documents" have been disclosed from the obligations of this Order, unless the Court orders otherwise. The provisions of this Order shall continue to be binding.

231033.1

SO STIPULATED:

DATED: July 20, 2006					BALL, BALL, MATTHEWS & NOVAK, P.C.


							/s/ Emily C. Marks
							Emily C. Marks
							ATTORNEY FOR PLAINTIFF


DATED: July 20, 2006					CARLTON DiSANTE & FREUDENBERGER LLP


							/s/ Jennifer D. Barrera
							Jennifer D. Barrera
							ATTORNEY FOR DEFENDANT

APPROVED AND SO ORDERED:


DATED: _____, 2006

							_____
							Hon. Susan R. Walker
							UNITED STATES DISTRICT COURT
							MAGISTRATE JUDGE

231033.1