IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| VENTURIST, INC., ) <br> ) <br> Plaintiff ) <br> ) <br> ) <br> ) <br> ) <br> PAT MAUNEY, ) <br> ) <br> Defendant. ) <br> ) | Case No. 2:06cv00494 SRW |

### DEFENDANT PAT MAUNEY'S OPPOSITION TO MOTION FOR REMAND

### I.      INTRODUCTION

Plaintiff Venturist, Inc. ("Plaintiff") motion to remand is based upon the belief of John Warden, Plaintiff's Chief Executive Officer, that Plaintiff does not owe Mauney any further money. Although Mr. Warden may not believe that Plaintiff owes Mauney any additional wages or money, his belief is insignificant to determine the jurisdictional amount in controversy. Rather, the main consideration to determine the amount in controversy is the value of the benefit Plaintiff will receive if its declaratory relief action is successful. As Mr. Warden is well aware, through Mauney's initial attempt to resolve this matter that undoubtedly motivated the filing of this action, the value of the claims asserted in this action are substantially more than $75,000. Specifically, in the event Plaintiff is successful and obtains declaratory relief in its favor, it will avoid having to pay Mauney over $200,000 in unpaid commissions, overtime wages, accrued vacation, and statutory penalties.

Plaintiff's attempt to remand this action back to Alabama state court, despite the fact that the value of this action is in excess of $75,000, can only be construed as a strategic attempt to gain some type of unfair advantage as a local resident of Alabama against an out-of-state litigant.

The very purpose of diversity jurisdiction is to prevent such prejudice and unfair bias. As such, Mauney respectfully requests this Court deny Plaintiff's motion for remand.

## II.     STATEMENT OF FACTS

From January 2003 until December 2005, Mauney worked for Plaintiff and resided in California. During this time, Plaintiff deliberately misclassified Mauney as an independent contractor in order to avoid the application of California law. As a result of this deliberate misclassification, Plaintiff never paid Mauney for any overtime she worked, despite the fact that Mauney notified Plaintiff's CEO, John Warden, that she was working extensive hours. From January 2003 until December 2005 Mauney worked approximately 55 hours a week, but was never paid any overtime. (*See* Declaration of P. Mauney ¶¶ 2-5).[1]

In March 2003, Plaintiff decided to compensate Mauney solely through commissions. Pursuant to the commission agreement, Mauney was entitled to either a twenty or ten percent commission on deals in which she participated. Despite Mauney's extensive participation with several deals, John Warden refused to provide her with the full commission, or in some cases any commission, to which she was entitled. (*See* Declaration of P. Mauney ¶ 6)

In approximately March 2006, Mauney's employment with Plaintiff ended. On April 13, 2006, Mauney tried to informally resolve the issue of her unpaid commissions and overtime wages with Venturist, Inc through a letter sent by Mauney's counsel. (*See* Declaration of Jennifer Barrera ¶ 2). This letter outlined the wages Mauney was owed, including unpaid

---

[1] The Declaration of Pat Mauney referenced in this opposition is the same declaration Pat Mauney filed in support of Mauney's Notice of Removal. She incorporates by reference that declaration.

commissions and unpaid overtime in excess of $75,000.[2] (*See* Declaration of Jennifer Barrera ¶ 2); (Exhibit "1" attached to Declaration of Jennifer Barrera). The letter also explained the basis for Mauney's claims, including the misclassification of Mauney as an independent contractor. (Exhibit "1"). Two weeks later, Plaintiff filed this declaratory relief action in which it coincidentally requests the court to declare in its favor, the very same issues raised in Mauney's letter, including that Plaintiff was properly classified as an independent contractor and that Plaintiff does not owe Mauney any additional wages or money.

In May 2006, Mauney filed a claim with the California Department of Labor Standards Enforcement ("DLSE") for her unpaid commissions, unpaid overtime wages, unpaid vacation, meal break violations, and waiting time penalties. The amount requested was approximately $300,000.[3]

### III. ARGUMENT

#### A. The Value of Plaintiff's Declaratory Relief Action Is More Than $75,000.

The value of a declaratory relief action is determined by analyzing the "value of the object of the litigation that would flow to the plaintiff" if the plaintiff succeeds in the action. *See Evergreen Forest Products of Georgia, LLC. v. Bank of America, N.A.*, 262 F.Supp.2d 1297, 1308 (2003 N.D. Ala.); *St. Paul Fire & Marine Ins. Co. v. Johnson Homes of Meridian, Inc.*, 2005 WL 2739141 (2005 S.D. Ala.); *and Leonard v. Enterprise Rent A Car*, 279 F.3d 967, 975 (2002 11th Cir.). The court should only dismiss an action for lack of jurisdiction when there is a

---

[2] This letter was prepared and sent before any formal litigation was initiated. As such, the estimated value in this letter was not inflated for litigation purposes in order to meet the amount in controversy requirement.

[3] A true and correct copy of Mauney's DLSE claim is attached as Exhibit "B" to Mauney's declaration filed in support of Mauney's Notice of Removal filed with this court on or about June 1, 2006, which she incorporates herein by reference.

"legal certainty" that the claims asserted are less than $75,000.  *St. Paul & Marine Ins.*, 2005 WL 2739141 *2.

Here, it is legally certain that Plaintiff's declaratory relief action is worth over $200,000. There is no question that Plaintiff filed this declaratory relief action in response to Mauney's letter dated April 13, 2006, in which she sought $175,000 to resolve her claims for unpaid commissions, overtime wages, and vacation.  (Exhibit "1").  Plaintiff filed this declaratory relief action only two weeks after Mauney sent the letter and requested the Court to resolve the very issues raised in Mauney's letter, including her status as an independent contractor, her entitlement to overtime wages, and waiting time penalties.  The coincidental timing between the letter and the filing of this action proves that Plaintiff's main purpose behind this lawsuit is to avoid having to pay Mauney over $200,000 in unpaid wages and statutory penalties.  The monetary value of the issues Plaintiff seeks this Court to resolve in its favor is further evidenced by the complaint Mauney filed with the DLSE.  (Exhibit "B").  As such, it is legally certain that Plaintiff's declaratory relief action is worth substantially more than the jurisdictional requirement of $75,000, and that the value or benefit Plaintiff will receive if successful in this action exceeds $75,000.  Therefore, Mauney respectfully requests this Court to deny Plaintiff's motion for remand.

      **B.**      **The Purpose of Diversity Jurisdiction Is To Provide An Even Playing Field For Out of State Litigants.**

The fundamental purpose of diversity jurisdiction is to alleviate any prejudice towards an out of state litigant who is forced to defend herself in a foreign state against a citizen of that state. *See Riley v. Gulf, Mobile & Ohio Railroad Co.*, 173 F.Supp. 416, 419 (S.D. Ill. 1959) (stating that diversity jurisdiction provides a separate an out-of-state citizen with a "safeguard" against the prejudices of local courts and local juries); *See Lutz v. McNair*, 233 F.Supp. 871, 873 (E.D. Va. 1964) (explaining that the purpose of diversity jurisdiction is to provide a non-resident with a

forum in which they will not be discriminated against as a stranger and whose adversary is a citizen of the state); *and Ziady v. Curley*, 396 F.2d 873, 875 (4th Cir. 1968) (stating that the purpose of diversity jurisdiction is "to give a citizen of one state access to an unbiased court to protect him from parochialism if he [is] forced into litigation in another state in which he [is] a stranger and of which his opponent [is] a citizen).

Here, Plaintiff filed this action in the Circuit Court of Alabama to gain some sort of "hometown" advantage against Mauney, who is a resident of California. Mauney properly removed this action to federal court based upon diversity jurisdiction in order to avoid any unfair prejudice in the local courts as an out-of-state litigant. Plaintiff's attempt to now remand this action to state court to regain some type of advantage is improper given the substantial evidence that diversity jurisdiction exists. As such, Mauney respectfully requests this Court to deny Plaintiff's motion for remand.

## IV.    CONCLUSION

Plaintiff's attempt to avoid federal court in order to benefit from any local favor it may receive in an Alabama state court is improper, especially because diversity jurisdiction exists. Both parties are from different states and the value of Plaintiff's declaratory relief action is in excess of $75,000. As such, Mauney respectfully requests this Court to deny Plaintiff's motion for remand.

/S/ - Jennifer D. Barrera
Jennifer D. Barrera
CA Bar No. 219617
Attorney for Defendant Pat Mauney
CARLTON DiSANTE & FREUDENBERGER LLP
8950 Cal Center Drive, Suite 160
Sacramento, CA 95826
Telephone: (916) 361-0991
Fax: (916) 361-1480
E-mail: jbarrera@cdflaborlaw.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on July 31, 2006, I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system which will send notification of such filing to the following registered:

Emily C. Marks
BALL, BALL, MATTHEWS & NOVAK, P.A.
2000 Interstate Park Drive, Suite 204
P.O. Drawer 2148
Montgomery, AL 36102-2148

Julie Jordan
MARTENSON, HASBROUCK & SIMON, LLP
3379 Peachtree Road, N.E.
Suite 400
Atlanta, GA 30326

                                      Respectfully submitted,

                                      /S/ - Jennifer D. Barrera
                                      Jennifer D. Barrera
                                      CARLTON DiSANTE & FREUDENBERGER LLP
                                      8950 Cal Center Drive, Suite 160
                                      Sacramento, CA 95826
                                      Phone: (916) 361-091
                                      Fax:  (916) 361-1480
                                      e-mail: jbarrera@cdflaborlaw.com
                                      CA Bar No. 219617