# Carlton DiSante
# & Freudenberger LLP

ATTORNEYS

ORANGE COUNTY OFFICE
2600 Michelson Drive
Suite 800
Irvine, California 92612
Telephone (949) 622-1661
Facsimile (949) 622-1669

SAN DIEGO OFFICE
4510 Executive Drive
Suite 300
San Diego, California 92121
Telephone (858) 646-0007
Facsimile (858) 646-0008

8950 Cal Center Drive
Suite 160
Sacramento, California 95826
Telephone (916) 361-0991
Facsimile (916) 361-1480
www.cdflaborlaw.com

LOS ANGELES OFFICE
707 Wilshire Boulevard
Suite 5150
Los Angeles, California 90017
Telephone (213) 612-6300
Facsimile (213) 612-6301

SAN FRANCISCO OFFICE
260 California Street
Suite 500
San Francisco, California 94111
Telephone (415) 981-3233
Facsimile (415) 981-3246

Sender's e-mail:
jbarrera@cdflaborlaw.com

April 13, 2006

**VIA FEDERAL EXPRESS**

John A. Warden III
Venturist, Inc.
8233 Old Federal Rd.
Montgomery, Alabama 36117

Re:     Employment of Pat Mauney

Dear Mr. Warden:

We currently represent Pat Mauney concerning her former employment with Venturist, Inc. The purpose of this letter is to notify you of Ms. Mauney's intention of filing claims against your company for violation of California wage and hour laws. Ms. Mauney's primary concern is that she has not been paid for numerous commissions she earned and is owed. Ms. Mauney also has other meritorious claims for unpaid overtime and unlawful business practices in violation of California's Business and Profession Code.

## A.     California Wage and Hour Violations:

### 1.     Misclassification of Ms. Mauney as an independent contractor.

One of the most glaring labor violations is the mischaracterization of Ms. Mauney as an independent contractor. In California, an employee does not become an independent contractor simply by changing the employee's title or status. Rather, several factors must be analyzed to determine if the employee is truly an independent contractor, including, but not limited to: (1) whether the principal may discharge the individual at will; (2) whether the work done by the individual is at the direction and supervision of the principal; (3) whether the individual's services are continuous in nature; (4) whether the individual is paid by the job; and (5) whether the individual is engaged in a separately established occupation or business. *See* California Code of Regulations, Title 22 §4304.1.

While employed with Venturist Inc., Ms. Mauney was under your direction and control. As the CEO of Venturist, Inc., you controlled the pricing of the deals she finalized; you controlled the terms of her compensation; and you directed her in the duties she performed. You

Carlton DiSante & Freudenberger LLP

John A. Warden III
April 13, 2006
Page 2

also controlled the terms of her employment and could terminate the relationship with Ms.
Mauney, at any time, for any reason. Ms. Mauney was expected to devote her full time,
attention, and energy to Venturist, Inc., which she did for over five years. As such, despite the
fact that Venturist, Inc. may have conveniently labeled Ms. Mauney as an independent
contractor, in a stated effort to avoid application of California law, the undisputed facts clearly
demonstrate that she was an employee of Venturist, Inc. As such, all of the protections afforded
to employees under California law are applicable to Ms. Mauney.

## 2.    <u>Commissions Owed:</u>

In California, an employee's commission is based upon the terms of the
agreement and must be paid when the commission is earned and calculable. *Ellis v. McKinnon
Broadcasting Co.* (1993) 18 Cal.App.4th 1796, 1805-1806. Prior to December 2005, you and
Ms. Mauney agreed she would receive 20% commission on any deals she played a major role in
closing. In December 2005, Ms. Mauney's compensation plan changed and she no longer
received commission. However, prior to this change in December 2005, Ms. Mauney had
already played a major role in closing four deals. Specifically, Ms. Mauney played a major role
in closing the deal with Top Aces, AMD Commercial, the seminar in Denmark, and the
Academy in January 2006. Notably, you have personally acknowledged either explicitly or
implicitly that Ms. Mauney played a major role in closing these four deals and therefore earned
her commission, however, you refused to pay her the commissions because the company
allegedly could not afford it. California law does not allow an employer to withhold wages from
an employee that have already been earned, regardless of the financial status of the company. As
such, Ms. Mauney must be paid the following commissions on these four deals:

|  |  |
|---|---|
| Top Aces: | $30,000 |
| January Academy: | $15,600 |
| Denmark Seminar: | $1,100 |
| AMD Commercial: | $36,000 |

In addition to the four deals discussed above, Ms. Mauney is also entitled to
commission for deals that were closed before December 2005 and on which the clients were
making payments to Venturist, Inc. These clients include Bama, IPC Subway, Oracle Packaging,
IMS, and Surgical Systems. Given the fact that Venturist, Inc. already paid Ms. Mauney
commission on payments Venturist, Inc. received from these clients, it is quite evident that she is
owed commission on the remaining payments Venturist, Inc. has since received, or will receive
in the future. Ms. Mauney estimates this remaining commission amounts to approximately
$20,000. Accordingly, Venturist, Inc. owes Ms. Mauney $102,700 in unpaid commissions.

Carlton DiSante & Freudenberger LLP

John A. Warden III
April 13, 2006
Page 3

### 3.     Failure to pay overtime.

The California Labor Code and Industrial Welfare Commission Wage Orders
provide that non-exempt employees in California are entitled to overtime compensation. Non-
exempt employees receive overtime pay for any hours worked over eight (8) hours in a day or
forty (40) hours in a week. California law also requires that employers keep accurate daily time
records of all hours worked by their employees. *See* California Labor Code § 510; I.W.C. Wage
Order No. 4. Only employees who qualify as exempt professional, executive, or administrative
employees are exempted from overtime and recordkeeping requirements. Generally, in order to
qualify for any of these exemptions, an employee must receive a minimum monthly salary of at
least two times the state minimum wage ($2,340), and spend a majority of their time performing
exempt duties.

During her employment with Venturist, Inc., Ms. Mauney was clearly a non-
exempt employee and therefore entitled to overtime. Ms. Mauney did not receive a guaranteed
monthly salary of at least two times the state minimum wage. Indeed from Spring 2003 until
December 2005, she did not have any guaranteed salary whatsoever. Rather, she was paid
commissions and her monthly wage ranged from as low as $1000 to $20,000. This fact alone
disqualifies Ms. Mauney as an exempt employee. Ms. Mauney also never supervised any
employees of Venturist, Inc. and spent a portion of her time performing tasks such as organizing
speaking engagements and seminars, finalizing guest lists, setting up the facilities for seminars,
research, submissions to speakers' bureaus, scheduling/booking your personal appointments, and
ordering gifts for clients. These tasks did not require the exercise of her independent judgment
or discretion, but rather were duties of an hourly wage employee. As such, Ms. Mauney cannot
qualify under any California exemption.

Given the fact that Ms. Mauney was a non-exempt employee, she should have
been paid overtime compensation for all hours she worked in excess of eight (8) per day or forty
(40) per week. Additionally, Venturist, Inc. should have maintained records of the hours Ms.
Mauney worked, which it failed to do. Ms. Mauney estimates that while employed with
Venturist, Inc., there were many days on which she worked over eight hours and multiple weeks
in which Ms. Mauney worked over 40 hours. In fact, her normal work schedule was 10 hours a
day and approximately 60 hours each week. Additionally, Ms. Mauney had occasion to travel on
the weekends, after working a full week, to set up and assist with the seminars. Ms. Mauney did
not even receive her regular compensation for this time, much less any overtime as required in
California. Ms. Mauney is therefore entitled to overtime wages. Based upon the estimated hours
Ms. Mauney worked, she is entitled to an estimated $40,000 in unpaid overtime wages for the
year 2005 alone. Under California law, Ms. Mauney has the right to seek unpaid overtime for
the entire period in which she was employed in California. As such, Venturist, Inc.'s estimated
overtime liability is $80,000.

223081.1

Carlton DiSante & Freudenberge. LP

John A. Warden III
April 13, 2006
Page 4

### 4. Waiting Time Penalties For Wages Owed:

When an employer fails to pay an employee wages that are due, such as earned commissions and overtime, the employer must pay "waiting time penalties" in addition to the wages already owed. California Labor Code section 203 provides that as a penalty, an employer "shall" pay one day of wages for up to 30 days, for failing to pay an employee all wages due at the time the employee resigns or is terminated. To date, Ms. Mauney has not received the commissions to which she is entitled or the overtime wages she earned. Ms. Mauney is therefore entitled to waiting time penalties. Based upon her salary at the time her employment relationship ended with Venturist, Inc., she is entitled to $6,000 in waiting time penalties.

### B. Other Wage and Hour Violations:

In addition to the multiple wage and hour violations discussed above, Venturist, Inc. also committed other labor violations including illegally deducting money from Ms. Mauney's commissions, failing to pay California workers' compensation insurance, failing to pay unemployment insurance, failing to keep accurate time records, failing to pay payroll taxes, and failing to insure Ms. Mauney took the required meal and rest periods. Venturist, Inc. also failed to pay Ms. Mauney for the hours she spent performing administrative tasks, such as booking personal appointments for you, ordering gifts for clients, and setting up seminars. These violations would significantly increase the amount of wages Ms. Mauney is owed.

### C. Unlawful Business Practices in Violation of California Business and Professions Code:

In the contract signed by you and Ms. Mauney in December 2005, it appears there is a non-compete provision that attempts to prevent Ms. Mauney from seeking employment with other businesses that either directly or indirectly compete with Venturist, Inc. Although such provisions may be legal in Alabama, these non-compete agreements are unlawful in California and unenforceable. *See* Business and Professions Code section 16600; *Application Group, Inc. v. Hunter* (1998) 61 Cal.App.4th 881, 895 and *D'Sa v. Playhut* (2000) 85 Cal.App.4th 927, 935 (stating that California strictly prohibits covenants not to compete in employment agreements). Due to the fact that Ms. Mauney resides in California and was employed in California, California law will govern the enforceability of this provision, notwithstanding any contrary choice of law provision that is included in the agreement. *See Application Group, Inc., supra,* 61 Cal.App.4th at 902 (holding that California law will apply to employment agreements that govern California employees, regardless of the choice of law provision in the contract). Please be advised that by seeking to restrain Ms. Mauney's ability to compete, you may be subjected to an action for unlawful business practices in violation of California Business and Professions Code section 17200, as well as a potential action for declaratory relief.

223081.1

John A. Warden III
April 13, 2006
Page 5


To the extent this non-compete provision contained in the agreement is intended to protect Venturist, Inc.'s trade secrets, it is too overbroad and will not be enforced. Courts only enforce narrow provisions in a contract that are specifically targeted at protecting trade secrets, not restricting employment. *See Kolani v. Gluska* (1998) 64 Cal.App.4th 402, 406-407. Courts will not redline an overly broad provision of a contract to make it enforceable. *Kolani,* 64 Cal.App.4th at 406-407.

However, despite the fact that this provision is unenforceable, rest assured that Ms. Mauney recognizes your concern for the protection of Venturist, Inc.'s trade secrets, and has no intention of divulging any confidential information. She understands her obligation to keep any trade secrets private and to refrain from any misuse of those trade secrets.

### D.    Conclusion:

Based upon the wage and hour violations discussed above, Venturist, Inc. owes Ms. Mauney over $200,000 in unpaid wages and penalties. It must be noted, however, that the potential wage and hour violations committed by Venturist, Inc. are not limited to those outlined above. There may be other wage and hour violations, as well as additional legal theories Ms. Mauney may pursue. Although Ms. Mauney is prepared to pursue legal remedies against the company, she truly hopes that can be avoided. Ms. Mauney enjoyed her employment with Venturist, Inc., and has much respect for both you and the company. However, she cannot accept the unfair and illegal treatment she has received by the company in regards to her compensation and her post-employment mobility. Ms. Mauney sincerely hopes this dispute can be resolved as amicably as possible and without the need for formal litigation. In an effort to promote such a result, Ms. Mauney is prepared to fairly resolve her claims against the company on the following terms:

> (1) payment of $175,000 for unpaid wages, including unpaid commissions, overtime, and waiting time penalties; and

> (2) written acknowledgement that the non-compete provision in the contract executed in December 2005 is unlawful and unenforceable, along with written assurance that Venturist, Inc. will not seek to enforce it.

In exchange for the payment of wages and written acknowledgement, Ms. Mauney will agree to execute a full release of all legal claims against you and Venturist, Inc. We believe this offer is more than reasonable and hope that you will seriously consider taking advantage of this opportunity to resolve these various issues informally.

Due to the fact that the time in which Ms. Mauney has to file a lawsuit on these claims is limited, we must receive a response to this letter no later than April 26, 2006. If we

John A. Warden III
April 13, 2006
Page 6

have not heard from you by this date, Ms. Mauney will have no other choice but to proceed with formal action.

Please direct any future communication regarding these issues through me, not Ms. Mauney. You may contact me at the number listed above. I look forward to hearing from you soon.

Very truly yours,

Jennifer D. Barrera
CARLTON DiSANTE & FREUDENBERGER LLP