IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **VENTURIST, INC.,** | * | |
| | * | |
|     **PLAINTIFF,** | * | |
| | * | |
| **VS.** | * | **CIVIL ACTION NO. 2:06cv494-SRW** |
| | * | |
| **PAT MAUNEY,** | * | |
| | * | |
|     **DEFENDANT.** | * | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION FOR CHANGE OF VENUE**

COMES NOW, the plaintiff, Venturist, Inc., and submits the following response to defendant's Motion for Change of Venue. For the reasons that follow, the defendant's Motion for Change of Venue should be denied.

I.    The Plaintiff's chosen forum is appropriate

The defendant bases her Motion for Change of Venue on 28 U.S.C. §1404(a). Pursuant to 28 U.S.C. §1404(a), "for the convenience of the parties and witnesses, in the interest of justice, a district court **may** transfer any civil action to any other district or division where it might have been brought." Indeed, "[s]ection 1404(a) only applies in case where the plaintiff's chosen venue is an appropriate venue." Holmes v. Freightliner, LLC, 237 F.Supp.2d (M.D. Ala. 2002). Therefore, by arguing that §1404(a) provides the mechanism by which the defendant seeks to have the case transferred to California, the defendant necessarily concedes that venue is proper in the Middle District of Alabama.[1]   Accordingly, the burden is on the defendant to establish a substantial need

---

[1] This position contradicts defendant's Motion to Dismiss for Lack of Personal Jurisdiction (Docs. 2 and 3) wherein she claims this Court lacks personal jurisdiction over her. To the extent that the defendant argues in her Motion for Change of Venue that the plaintiff's choice of forum lacks ties to the subject matter of the litigation or has a

for a transfer. This, she fails to do.

    II.    <u>Defendant fails to meet her burden of establishing substantial need for transfer</u>

Courts afford deference to a plaintiff's forum selection because "[s]ection 1404(a) analysis recognizes that the plaintiff's selected forum is presumptively correct." <u>Id.</u> In fact, "the weight to be given the plaintiff's forum choice is significant and will not be disturbed unless other factors weigh **substantially** in favor of transfer." <u>Id.</u> (internal quotations omitted)(emphasis added). Thus, "when the plaintiff's chosen venue is proper, the defendant has the burden of demonstrating that the action should be transferred in the interest of convenience and justice." <u>Folkes v. Haley</u>, 64 F.Supp.2d 1152, 1154 (M.D. Ala.1999). Pursuant to §1404(a),:

> District courts have broad discretion in deciding whether to transfer an action to a more convenient forum. Title 28 U.S.C. §1404(a), which addresses change of venue, provides for transfer to a more convenient forum, **but not to one which is likely to prove equally convenient or inconvenient.** That is, if the transfer would merely shift the inconvenience from one party to the other, or if the balance of all factors but slightly in favor of the movant, the plaintiff's choice of venue should be given deference. Further, a court faced with a Motion to Transfer must engage in an individualized case by case consideration of convenience and fairness. …The residence of the majority of the **material** principle witnesses is an important factor to consider when passing on a Motion to Transfer under §1404(a).

<u>Id.</u> at 1154-1155 (internal citations and quotations omitted)(emphasis added).

In the case at bar, the defendant contends that venue should be changed because the current venue is 1) inconvenient for her witnesses, 2) the Alabama choice of law provision in her employment contract has no bearing on the case, and 3) litigating in Alabama would be a financial hardship on her. However, the defendant fails to establish that her preferred venue, California, is substantially more convenient for the **material** witnesses in this case, 2) that the Alabama choice of

---

diminished interest in this litigation, the plaintiff adopts and incorporates by reference its response to defendant's motion to dismiss. (Doc. 9).

law provision is not relevant, or 3) that her purported financial hardship warrants change of venue.

      A.    <u>Convenience of Witnesses</u>

The defendant submits affidavits of individuals she identifies as potential witnesses in this case to support her Motion for Change of Venue. The defendant submits the Declaration of Carol Dante wherein Ms. Dante testifies as follows: "I have personal knowledge of **some** of the hours Pat Mauney worked during her employment with Venturist, Inc. in California." (Doc.11, Declaration of Carol Dante, par.2)(emphasis added). The defendant submits the Declaration of Leigh Mason wherein Ms. Mason testifies as follows: "I am the daughter of Pat Mauney and have personal knowledge of **some** of the hours Pat Mauney worked during her employment with Venturist, Inc. in California." (Doc. 11, Affidavit of Leigh Mason, par.2)(emphasis added). The defendant submits the Declaration of Lynne Mauney wherein she testifies as follows: "I am the daughter of Pat Mauney and have personal knowledge of **some** of the hours Pat Mauney worked during her employment with Venturist, Inc. in California." (Doc.11, Declaration of Lynne Mauney, par.2)(emphasis added). The defendant submits the Declaration of Nick Mauney wherein he testified as follows: "I am Pat Mauney's husband and regularly observed the hours Pat worked during her employment with Venturist, Inc. from January 2003 until March 2006. During her employment with Venturist, Inc. from 2003 until 2006, Pat primarily worked out of her home office in Sacramento, California, where we reside." (Doc.11, Declaration of Nick Mauney, par.2).

In her Declaration in support of her Motion for Change of Venue, the defendant testifies that "my husband, two children and personal friend, all of whom reside in California, have personal knowledge, **to some extent**, of the hours I worked during my employment with Venturist, Inc. in California." (Doc.11, Declaration of Pat Mauney, par.13)(emphasis added). The testimony the defendant expects to illicit from these particular witnesses is not material. Indeed, in the context of

a motion to transfer venue, "the emphasis is not on the number of prospective witnesses, but rather on the materiality and importance of their anticipated testimony." Sorrels Steel Company, Inc. v. Great Southwest Corp., 651 F.Supp 623, 629 (S.D. Miss.1986)(citing Young v. Armstrong World Industries, Inc., 601 F.Supp 399, 401 (N.D. Tex.1984)).

      The prospective witnesses identified by the defendant acknowledge that they only have knowledge of some of the hours the defendant worked. None of these witnesses specified that they can offer testimony that the defendant works a particular number of hours a week, what her job duties were, her relationship with Venturist, Inc., or any other issues that may have bearing on this lawsuit. The defendant argues that "aside from Mauney and John Warden, the only other material witnesses who have personal knowledge of the hours Mauney worked as well as her employment conditions in California all reside in California, not Alabama. Specifically, Mauney's husband, Mauney's two children, and Mauney's friend all regularly observed Mauney working extensive hours during her employment with Venturist, Inc. in California." (Doc.11, pp.10-11). However, nowhere in their Declarations do defendant's prospective witnesses testify that they regularly observed her working "extensive hours." In fact, the prospective witnesses simply testified that they observed **some** of the hours the defendant worked. Furthermore, nowhere in their Declarations do these prospective witnesses testify that they have personal knowledge of Ms. Mauney's employment conditions, as asserted by the defendant in her Motion for Change of Venue. (Doc.11, p.10). Despite the defendant's labeling of these prospective witnesses as "material", the substance of their Declarations, and indeed the Declaration of the defendant herself, establish that these potential witnesses only have **some** knowledge of **some** of the hours that the defendant worked. The defendant thus falls far short of meeting her burden of establishing that this case should be transferred to California.

Although the defendant submits that material witnesses only reside in California, not Alabama, she does not take into account the material witnesses who will testify on behalf of Venturist, Inc. Colonel John Warden, Lisa Bradley, Michael Cline, and Elizabeth Dierlam are material witnesses who will give substantive testimony regarding, among other things, the defendant's relationship to Venturist, Inc., her rate and methods of compensation, and the extent of her contributions to the company. Colonel Warden, Lisa Bradley and Michael Cline live in or around Montgomery, Alabama and it would be far more convenient for them to testify in Alabama than California. (See attached affidavits of Colonel Warden, Lisa Bradley and Michael Cline). Additionally, it would be more convenient for witness Elizabeth Dierlam to testify in Alabama than in California. (See attached affidavit of Elizabeth Dierlam).

Colonel Warden is the President of Venturist, Inc., a company which he founded in 1995. (See attached affidavit of Colonel John Warden). Venturist, Inc. has one office, which is located in Montgomery, Alabama. (Id.). Corporate documents are maintained at the Venturist, Inc. home office in Montgomery, Alabama. (Id.). Venturist, Inc. has three full-time employees, Colonel Warden, Vice-President Mike Cline, and Office Manager Lisa Bradley, who are material witnesses in this case. (Id.). If all three of them have to travel to California to testify in this matter, the business will have to be shut down until after they return to Alabama. (Id.). This would create a significant financial burden and hardship on Colonel Warden, Venturist, Inc., and its employees. (Id.). Although Colonel Warden travels for the company, he performs a significant amount of work at the corporate office in Montgomery, Alabama. (Id.). It is far more convenient and less financially taxing for Colonel Warden, Venturist, Inc., and its employees to testify in Alabama rather than California. (Id.).

Lisa Bradley, the Office Manager at Venturist, Inc., has been with the company since 2005. (See attached affidavit of Lisa Bradley). She has personal knowledge of the circumstances surrounding Pat Mauney's professional relationship with Venturist, Inc. including but not limited to her compensation, the extent of her contributions to the company, and the terms and conditions of her relationship with the company. (Id.). Ms. Bradley is a single mother of a seven (7) year old child and does not have any family close by to help her with childcare. (Id.). It would be a significant hardship for her to travel to California to testify about the material aspects of the relationship between Pat Mauney and Venturist, Inc. (Id.). In fact, it would be impossible for her to travel to California because of her childcare issues. (Id.).

Mike Cline is the Vice President of Venturist, Inc. and has been with the company for over 10 years. (See attached affidavit of Mike Cline). Mr. Cline has personal knowledge of the circumstances surrounding Pat Mauney's professional relationship with Venturist, Inc., including but not limited to her compensation, the extent of her contributions to the company, and the terms and conditions of her relationship with the company. (Id.). Mr. Cline lives in Deatsville, Alabama which is approximately 30 minutes away from Montgomery, Alabama. (Id.). It would be a significant hardship, personally and professionally, for him to have to travel to California to testify about the material aspects of the relationship between Pat Mauney and Venturist, Inc. (Id.). It would be far more convenient for Mr. Cline to testify in Montgomery, Alabama. (Id.).

Elizabeth Dierlam is an officer of Venturist, Inc. (See attached affidavit of Elizabeth Dierlam). She has been with the company for over ten (10) years. (Id.). She moved from Alabama to Virginia in 2002 and then to Washington state in 2004; however, she remains an officer of Venturist, Inc. (Id.). She has personal knowledge of many of the circumstances surrounding Pat Mauney's professional relationship with Venturist, Inc., including her work ethic, compensation,

overall contributions to the company, and the terms and conditions of her relationship with the company. (Id.). It would not be inconvenient for Mrs. Dierlam to travel to Montgomery, Alabama to testify about the material aspects of the relationship between Pat Mauney and Venturist, Inc. (Id.). She has two small children, and both she and her husband have family in Montgomery, Alabama who could assist with lodging and childcare. (Id.). Travel to California would be inconvenient for Mrs. Dierlam because she does not have any family in California with whom she could stay or who could help with her children should she have to travel there to testify in this matter. (Id.). It would be more financially difficult for Mrs. Dierlam to secure lodging and childcare while in California. (Id.). Therefore, it would be far more convenient and less financially difficult for her to testify in Montgomery, Alabama than in California. (Id.).

These witnesses will give material testimony in this case and will suffer far more inconvenience if this case is transferred to California. Courts have recognized that "the convenience of party and non-party witnesses is the most significant factor in considering a section 1404(a) transfer motion." Sorrels Steel Company, Inc. v. Great Southwest Corp., 651 F.Supp at 629. This factor weighs in favor of the plaintiff and the transfer motion is due to be denied.

The defendant makes passing reference in a footnote to the fact that "Courts may also consider location and accessibility to evidence." (Doc. 11, p. 7 n.1). The defendant further asserts that this factor does not weigh in either party's favor because "the majority of any documentary evidence is on the laptop Plaintiff provided Mauney during her employment [and] [b]oth parties have copies of this information." (Id.). However, corporate documents are maintained at the Venturist, Inc. home office in Montgomery, Alabama and Pat Mauney did not have possession or access to many corporate documents which may be material to this lawsuit. (See attached affidavit of Colonel John Warden). The consideration of location of evidence also weighs in favor of the

plaintiff.

### B. Choice of Law Provision

The defendant asserts that the employment agreement she executed in December 2005, which contains an Alabama choice of law provision, "has no bearing on the claims of this case." (Doc.11, p.4). To the contrary, the fact that in December 2005, the defendant willingly executed an employment agreement containing an Alabama choice of law provision evidences an acknowledgement by the defendant that litigating a dispute with Venturist, Inc. in Alabama was acceptable to her. The defendant lived in California at the time this agreement was executed and there is no suggestion that she did not willingly enter into this agreement. Litigating a dispute under Alabama law was not only contemplated, but was agreed to by the defendant less than six (6) months prior to the inception of this lawsuit. Such an agreement clearly evidences that the defendant not only contemplated Alabama litigation but agreed to litigate claims under Alabama law. Venturist, Inc. submits that this provision will govern the choice of law issue in this case. The defendant erroneously claims that Venturist, Inc. filed action against her in Alabama "in an effort to intimidate Mauney from pursuing legal action in California." (Doc.11, p.5). Such a charge is not only unsupported by evidence, it is reckless and without merit. The current lawsuit was not filed for any improper reason or with any improper motive. (See attached affidavit of Colonel John Warden).

### C. Financial Burdens

The defendant claims that Venturist, Inc. is a financially thriving company and that "requiring John Warden to travel to California to defend this litigation would be insignificant." (Doc.11, pp.5-6). However, the defendant's assertion that requiring Colonel Warden to travel to California for this litigation would be "insignificant" is not only unsupported by evidence, it is

incorrect. Venturist, Inc. has three full-time employees, President Colonel Warden, Vice-President Mike Cline, and Office Manager Lisa Bradley, who are material witnesses in this case. (See attached Affidavit of Colonel Warden). If all three of them have to travel to California to testify in this matter, the business will have to be shut down until after they return to Alabama. (See attached Affidavit of Colonel Warden). This would create a significant financial burden and hardship on Colonel Warden, Venturist, and its employees. (See attached Affidavit of Colonel Warden). Although Colonel Warden does travel for the company, he performs a significant amount of work at the corporate office in Montgomery, Alabama. (See attached Affidavit of Colonel Warden). It is far more convenient and less financially taxing for Colonel Warden, Venturist, and its employees to testify in Alabama rather than California. (See attached Affidavit of Colonel Warden).

      The defendant claims that "continuing to defend this action in Alabama will place a huge financial inconvenience on Mauney, and may ultimately deny her due process, as she may be forced to abandon her defense as a result of financial problems." (Doc.11, p.5). However, the defendant fails to identify what costs of defending a lawsuit are specific to the venue of that lawsuit, as opposed to costs which she would incur in any litigation. In fact, the defendant has already filed a lawsuit against Venturist, Inc. in California state court, and did so subsequent to the filing of her Motion for Change of Venue. (See attached Complaint filed July 18, 2006). The defendant further claims that Venturist, Inc. has local counsel in California "who can easily appear at any court-ordered hearings or depositions, thereby reducing the financial strain on plaintiff to litigate this matter in the Eastern District Court of California." (Doc.11, p.10). However, the defendant fails to acknowledge that she too has obtained local counsel located in Atlanta, Georgia who can likewise easily attend any court-ordered hearings or depositions thereby reducing the financial strain on the

defendant to litigate this matter in Alabama.[2]  Further, the defendant fails to take into account that to date, she has been able to utilize the electronic filing system in the Middle District of Alabama to file pleadings from California without having to travel to this jurisdiction.  Certainly, with the use of electronic filing, the defendant will suffer no financial strain more rigorous than that of litigating the lawsuit which she has filed in California.  Indeed, the defendant provides no explanation as to why litigating this particular lawsuit in Alabama, through e-filing, and with local counsel, is anymore difficult for her than filing her own lawsuit against this plaintiff in California state court.  Apparently, the defendant is not so financially strapped that she cannot afford to maintain the current litigation when she certainly can afford to file subsequent litigation of her own in California.  In any event, the defendant simply seeks to shift the burden of travel to the plaintiff.  However, "if the transfer would merely shift the inconvenience from one party to the other, or if the balance of all factors but slightly in favor of the movant, the plaintiff's choice of venue should be given deference."  Folkes v. Haley, *supra*.

The burden is on the defendant to establish that this action should be transferred, and the defendant fails to meet this burden.  WHEREFORE, the foregoing premises considered, the plaintiff respectfully requests this Honorable Court deny defendant's Motion for Change of Venue.

/s/  Emily C. Marks_____
EMILY C. MARKS
Attorney for Plaintiff Venturist, Inc.

OF COUNSEL:

BALL, BALL, MATTHEWS & NOVAK, P.A.
2000 Interstate Park Drive, Suite 204
P. O. Drawer 2148
Montgomery, AL  36102-2148
(334) 387-7680

---

[2] The defendant has retained Julie Jordan of Martensen, Hasbrouck & Simon in Atlanta, Georgia.

## **CERTIFICATE OF SERVICE**

      I hereby certify that on July 31, 2006, I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system which will send notification of such filing to the following registered:

Julie Jordan
Martenson Hasbrouk & Simon
3379 Peachtree Rd., NE, Ste. 400
Atlanta, GA 30326

Jennifer Barrera
Carlton, DiSante & Freudenberger
8950 Cal Center Dr., Ste. 160
Sacramento, CA 95826

                                            /s/    Emily C. Marks
                                            OF COUNSEL