CARLTON DiSANTE & FREUDENBERGER LLP
Mark S. Spring, State Bar No. 155114
Jennifer D. Barrera, State Bar No. 219617
8950 Cal Center Drive
Suite 160
Sacramento, California 95826
Telephone: (916) 361-0991
Facsimile: (916) 361-1480

Attorneys for Plaintiff
PATRICIA MAUNEY

FILED
ENDORSED
06 JUL 18 PM 2:56
LEGAL PROCESS #1

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SACRAMENTO

PATRICIA MAUNEY,

    Plaintiff,

v.

VENTURIST, INC. an Alabama Corporation, and DOES 1 through 10, inclusive,

    Defendants.

Case No. 06AS03035

COMPLAINT
1. Unpaid Wages
2. Breach of Written Contract
3. Breach of Oral Contract
4. Waiting Time Penalties
5. Unfair and Unlawful Business Practices
6. Declaratory Relief

JURY TRIAL DEMAND

Action Filed: July 18, 2006

## GENERAL ALLEGATIONS

1. Plaintiff PATRICIA MAUNEY ("MAUNEY" or "Plaintiff") is a resident of Sacramento County in Sacramento, California. The events that are described herein primarily occurred in Sacramento County in Sacramento, California.

2. Defendant VENTURIST, INC. ("VENTURIST" or "Defendant") is and was at all relevant times a corporation, duly-organized, licensed, and existing under the laws of Alabama, with its principal place of business in Montgomery, Alabama.

3. At all times herein mentioned, each of the defendants were the agent, servant, employee, parent and/or subsidiary of the remaining defendants, and was acting in the course and scope of such relationship. Plaintiff is informed and believes and thereon alleges that each of the defendants was in some manner legally responsible for the events and happenings hereinafter

1

COMPLAINT

CARLTON DiSANTE & FREUDENBERGER LLP
233176.1

1 | alleged.

2 | 4.   Plaintiff is ignorant of the true names and capacities, whether individual, corporate, associate or otherwise, of Defendants sued as DOES 1-10, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff is further informed and believes and thereon alleges that each of these fictitiously named Defendants is responsible in some manner for the occurrences alleged, and proximately caused Plaintiff's injuries. Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

## FACTUAL BACKGROUND

5.   MAUNEY began working for VENTURIST in June 2000. From January 2003 until March 2006, MAUNEY resided and was employed by VENTURIST in California.

6.   From approximately March 2003 until December 2005, MAUNEY was paid once a month by commissions. This commission agreement was oral from approximately March 2003 until September 2004. Thereafter, it was contained in a written contract. On multiple occasions, VENTURIST refused to pay MAUNEY the commissions she earned and was owed under the agreement(s).

7.   From January 2003 until March 2006 MAUNEY regularly worked approximately 55 hours a week. VENTURIST, however, never paid her overtime wages.

8.   During MAUNEY'S employment with VENTURIST, she received vacation in the following manner: Year 2002 – three weeks vacation; Year 2003 – three weeks vacation; Year 2004 – three weeks vacation; Year 2005 – three weeks vacation; Year 2006 – four weeks vacation. There was no cap on the amount of vacation MAUNEY could accrue. MAUNEY did not use the entire vacation time she was provided in any year, and was not paid the vacation time that she had accrued when her employment with VENTURIST ended in March 2006.

9.   In December 2005, VENTURIST required MAUNEY to enter into an agreement that modified her compensation and also included an invalid and illegal non-compete provision.

10.  MAUNEY's employment with VENTURIST ended in approximately March 2006. At the time MAUNEY's employment with VENTURIST ended, VENTURIST failed to provide MAUNEY in her final paycheck all of the wages she is owed.

CARLTON DISANTE &
FREUD DENGES LLP
233176.1

2                                                              COMPLAINT

## FIRST CAUSE OF ACTION

(Unpaid Wages)

11. MAUNEY incorporates by reference each and every allegation in Paragraphs 1 through 10, above as though fully set forth herein.

12. MAUNEY and VENTURIST entered into a commission agreement in approximately March 2003, wherein the terms provided that MAUNEY would receive a commission on each sale or deal in which she participated. Despite this agreement, VENTURIST failed to pay MAUNEY the entire amount of commissions that she earned and was owed pursuant to this agreement.

13. From January 2003 until December 2005, MAUNEY worked approximately 55 hours a week. In violation of Labor Code section 510 and applicable Industrial Wage Orders, including No. 4 and 17, VENTURIST never paid MAUNEY any overtime wages, despite the fact that VENTURIST's Chief Executive Officer, John Warden, knew MAUNEY was working such overtime.

14. At the time MAUNEY's employment with VENTURIST ended in March 2006, she had approximately ten weeks of accrued, but unused vacation. In violation of Labor Code section 227.3, VENTURIST failed to pay MAUNEY for her accrued, but unused vacation at the time her employment with VENTURIST ended.

15. VENTURIST at all times had a duty to compensate MAUNEY for the wages she earned, including any overtime wages, unpaid commissions, and accrued vacation. VENTURIST breached this duty by failing to provide MAUNEY with the wages she is owed and violated various wage and hour laws and regulations, including but not limited to, Labor Code sections 201, 202, 204, 227.3, and 510, and Industrial Wage Orders, 4 and 17.

16. As a result of VENTURIST's failure to provide MAUNEY with the wages she is owed, MAUNEY has suffered damages, the precise sum of which will be proven at trial. MAUNEY is also entitled to attorneys' fees pursuant to Labor Code sections 218.5 and 1194, penalties pursuant to Labor Code section 210, and interest on all unpaid wages pursuant to Labor Code section 218.6 and 1194.

CARLTON DISANTE & FREUD LLP

233176.1

3

COMPLAINT

## SECOND CAUSE OF ACTION

(Breach of Written Contract)

17. MAUNEY incorporates by reference each and every allegation contained in Paragraphs 1 through 16, above, as though fully set forth herein.

18. MAUNEY has performed all conditions, covenants, and promises required on her part to be performed in accordance with the terms and conditions of the commission agreement executed in or about September 2004.

19. On several occasions, MAUNEY requested that VENTURIST perform its obligations under the commission agreement by paying the full amount of commissions that she earned and was owed under the agreement.

20. VENTURIST breached the commission agreement by refusing to pay the commissions MAUNEY had earned according to the terms of the agreement.

21. As a result of VENTURIST's breach of the commission agreement, MAUNEY has suffered damages, the precise sum of which will be proven at trial.

## THIRD CAUSE OF ACTION

(Breach of Oral Contract)

22. MAUNEY incorporates by reference each and every allegation set forth in Paragraphs 1 through 21, above, as though fully set forth herein.

23. MAUNEY is informed and believes and thereon alleges that, at all time herein mentioned, John Warden, the Chief Executive Officer of VENTURIST, was an agent of VENTURIST, and was at all times acting within the purpose and scope of such agency.

24. In or about March 2003, MAUNEY and VENTURIST, through John Warden, entered into an oral agreement whereby John Warden agreed that VENTURIST would provide MAUNEY a commission when she participated in any sale or deal.

25. MAUNEY performed all conditions, covenants and promises required on her part to be performed in accordance with the terms and conditions of the contract.

26. On several occasions, MAUNEY requested VENTURIST to perform its obligations under the oral contract by paying commissions MAUNEY had earned and was owed as a result of

1 her participation in the closing of several sales and/or deals.

2   27.   VENTURIST breached the oral contract by refusing to pay MAUNEY for the
3 commissions she had earned and was owed according to the terms of the contract.

4   28.   As a result of VENTURIST's breach of the oral contract, MAUNEY has suffered
5 damages, the precise sum of which will be proven at trial.

### FOURTH CAUSE OF ACTION

(Waiting Time Penalties)

8   29.   MAUNEY incorporates by reference each and every allegation set forth in
9 Paragraphs 1 through 28, above, as though fully set forth herein.

10   30.   At the time MAUNEY's employment with VENTURIST ended in March 2006,
11 VENTURIST failed to pay MAUNEY for the commissions she had earned, overtime wages, and
12 accrued but unused vacation.

13   31.   MAUNEY requested the payment of these wages and set forth the reasons why she
14 was entitled to this compensation, however, VENTURIST refused to pay MAUNEY the wages she
15 is owed.

16   32.   Several months have passed since MAUNEY's employment ended with
17 VENTURIST, and VENTURIST has still failed to pay MAUNEY her full wages.

18   33.   VENTURIST's failure to pay MAUNEY the wages to which she is entitled is
19 willful.

20   34.   MAUNEY is therefore entitled to waiting time penalties as provided under
21 California Labor Code section 203.

### FIFTH CAUSE OF ACTION

(Unfair and Unlawful Business Practices)

24   35.   MAUNEY incorporates by reference each and every allegation set forth in
25 Paragraphs 1 through 34, above, as though fully set forth herein.

26   36.   California Business and Professions Code Section 17200 expressly provides: "As
27 used in this chapter, unfair competition shall mean and include any unlawful, unfair, or fraudulent
28 business act or practice and unfair, deceptive, untrue, or misleading advertising and any act

1 prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business
2 and Professions Code."

3     37.    VENTURIST is a person within the meaning of Section 17201 of the California
4 Business and Professions Code.

5     38.    VENTURIST has violated and continues to violate Business and Professions Code
6 section 17200, by the following:

7       a.   Refusing to pay MAUNEY for commissions that she earned during her employment
8          with VENTURIST and is owed;

9       b.   Refusing to pay MAUNEY overtime wages for the overtime that she worked;

10      c.   Refusing to pay MAUNEY for the vacation time she accrued, but never used;

11      d.   Attempting to enforce an invalid and unlawful covenant not to compete provision.

12     39.    MAUNEY has been damaged by the unfair and unlawful business practices of
13 VENTURIST in an amount to be proven at trial.

14     40.    MAUNEY seeks restitution of all monies she has lost as a result of VENTURIST's
15 unfair and unlawful business practices and/or restitution of all monies she is rightfully entitled to,
16 plus statutory interest.

17     41.    MAUNEY also seeks injunctive relief to prevent VENTURIST from unlawfully
18 prohibiting her from seeking other employment through the invalid and unlawful covenant not to
19 compete provision.

20 <center>**SIXTH CAUSE OF ACTION**</center>

21 <center>(Declaratory Relief)</center>

22     42.    MAUNEY incorporates by reference each and every allegation set forth in
23 Paragraphs 1 through 41, above, as though fully set forth herein.

24     43.    In December 2005, VENTURIST required MAUNEY to execute a new employment
25 agreement that contained a non-compete provision.

26     44.    This non-compete provision is in violation of Business and Professions Code
27 sections 16700, *et. seq.*, as it limits MAUNEY's ability to seek gainful employment in a similar
28 industry. This provision violates the public policy of the State of California.

45. VENTURIST has threatened to try to enforce this non-compete provision if MAUNEY seeks similar employment.

46. As such, MAUNEY seeks a declaration from the Court that the non-compete provision contained in the employment agreement between MAUNEY and VENTURIST, executed in December 2005 by MAUNEY and VENTURIST's Chief Executive Officer, John Warden, is illegal, invalid, and unenforceable.

### PRAYER FOR RELIEF

WHEREFORE, MAUNEY prays for relief as set forth below:

1. That judgment be entered in favor of MAUNEY;
2. For damages sustained by MAUNEY a result of VENTURIST's actions and/or omissions, according to proof at trial;
3. For statutory interest;
4. For declaratory relief;
5. For injunctive relief;
6. For statutory penalties;
7. For costs of suit incurred herein;
8. For attorneys' fees incurred herein pursuant to applicable statute or contract;
9. For such other and further relief as the Court deems proper.

### DEMAND FOR A JURY TRIAL

MAUNEY requests that all matters be tried to a jury to the extent allowed by law.

Dated: July 18 2006

CARLTON DiSANTE & FREUDENBERGER LLP

By: _____
Jennifer D. Barrera
Attorneys for Plaintiff
PATRICIA MAUNEY

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
VENTURIST, INC.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
PATRICIA MAUNEY

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

---

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):*

Superior Court of California, County of Sacramento
720 Ninth Street
Sacramento, CA 95814

**CASE NUMBER:** *(Número del Caso)* **06AS03035**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jennifer D. Barrera (CA Bar No. 219617)           P: (916) 361-0991       F: (916) 361-1480
CARLTON DiSANTE & FREUDENBERGER LLP
8950 Cal Center Drive, Suite 160
Sacramento, CA 95826

| DATE: *(Fecha)* JUL 18 2006 | Clerk, by *(Secretario)* L. GUTIERREZ | , Deputy *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
[SEAL]
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☒ on behalf of *(specify)*:
   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc.
www.USCourtForms.com